WILLIAM CAMPBELL v. B. F. WHITE.

*Constitution—Homestead.*

1. The constitutional provision for a Homestead, and the Statutes enacted in pursuance thereof, require a specific allotment of the Homestead in severalty, and does not permit any community of interest between the homesteader and the purchaser of the excess.

2. *Therefore,* where it was found as a fact, that the land and buildings thereon in which the homestead was claimed, were of the value of $1,200, but were incapable of division, it was erroneous to direct that the interest therein, proportionate to the excess, should be sold and applied to the payment of the claims of the execution creditors.

3. Although the land belonging to and claimed by the judgment debtor is indivisible, he is not entitled to have the whole of it allotted to him as a homestead, if it exceeds in value one thousand dollars.

4. The propriety of necessary legislation to meet the difficulty is suggested.

Issues raised upon the ALLOTMENT AND APPRAISEMENT OF HOMESTEAD, tried before *Clark, Judge,* at October Term, 1886, of NEW HANOVER Superior Court.

The facts are stated in the opinion.

*Mr. Thomas W. Strange,* for the plaintiff.
*Mr. John D. Bellamy,* for the defendant.

SMITH, C. J. The facts upon which this appeal, taken by the plaintiff, rests, are the same as those presented in the case disposed of in reference to the personal property of the debtor, reported in this volume, differing only in the fact that this relates to the homestead or land exemption. The creditor plaintiff, as we understand the very loose and imperfect record sent up, being dissatisfied with the valuation of the appraisers, and the ruling of the clerk, removed the same by appeal to the Superior Court, and from the judgment rendered in that Court the defendant appeals to this Court.

The case stated by the presiding Judge is as follows:

"This action having been brought to trial upon appeal from the Clerk of the Superior Court, and from the valuation made by the three assessors appointed to lay off the homestead and personal property exemption of defendant, and a jury having been impaneled to try the issues of fact as to the valuation of the real estate, and the jury having found said issues in favor of the plaintiff, appraising the value of

the real estate owned by the defendant at $1,200, and it appearing by agreement of counsel that the said real estate consists of property which is indivisible, and the parties in open court waiving the appointment of commissioners as provided by chapter 347, Acts 1885, and agreeing that said premises are indivisible, so that the excess, as found by the jury, cannot be set off by metes and bounds, or by allotting a part of the house, the premises being a lot covered by a four-room house; and it being found by the Court as a fact from such admissions of parties that the one-sixth of the premises in excess of the $1,000 is indivisible, and that the commissioners, if appointed, would of necessity so report; it is now, on motion of plaintiff's counsel, adjudged, that the personal property collected by the receiver appointed in this cause shall be held by the Court subject to the application of the defendant to have so much thereof laid off to him as a personal property exemption as will make his exemption up to $500; and that the surplus thereof shall be paid by said receiver to the plaintiff, to be applied to the satisfaction of plaintiff's execution.

And it is further ordered and adjudged, that the sheriff of New Hanover county shall levy upon and sell at public auction one-sixth undivided interest in and to the real estate of defendant, and from the proceeds thereof to satisfy so much of the execution issued in this action as shall remain unsatisfied, together with the costs of this action."

From so much of this judgment as directs the sale of an undivided one-sixth part of said land, and the application of the proceeds of sale to the plaintiff's execution, the defendant appeals to this Court.

The constitution exempts from sale, and protects for the use of his debtor and his family "any lot in a city, town or village, with the dwelling and buildings used thereon, owned and occupied by any resident of this State, and *not exceeding* the value of one thousand dollars," and the statute requires

its assignment by metes and bounds according to the appli-
cant's direction, not to exceed one thousand dollars in value."
*The Code*, §571.

This statutory requirement contemplates the allotment of
a specific and defined part of the land in severalty, involv-
ing no community of interest between the ownership of
that constituting the excess, which at a sale the purchaser
may acquire.   A sale of the entirety with a view to
an apportionment of the funds would defeat the primary
object of the law, which seeks to reserve a home and shelter
for the insolvent debtor and his family.   The method pur-
sued by the Judge to solve the perplexing problem as to the
respective rights of creditor and debtor in a case like this,
has no warrant in the provisions of the law, and the order
must be reversed as erroneous.   This seems so plain that we
do not follow up and consider the anomalous relations which
might be created between the tenants of the respective shares,
and their rights to enjoy the common property—results
manifestly repugnant to the sole and full use of the home-
stead by those for whom it is intended.

This view disposes of the question of the ruling below
and the subject matter of the appeal.   But it is not improper
for us to say that we do not see why a portion of the house,
containing rooms of sufficient value, may not be set apart, as
in an allotment of dower.   There are inconveniences readily
anticipated in such a subdivision, but they are unavoidable
in giving effect to the law and preserving the rights of both
debtor and creditor.   It gives the former all the constitution
allows—it exposes all beyond to the creditor's demand.

A case was called to our attention, decided in a sister State,
where the Court held that if the land was indivisible, the
exemption should be allowed of the whole lot, though of
value in excess of that fixed and limited by law, thus igno-
ring the creditors right's altogether.   We are not disposed to
follow this ruling, for it would be just as reasonable to deny

any homestead because none could be assigned of the value specified, and this would be to ignore the provisions made for the debtor. The right to the homestead and the right to subject the excess of the land to the payment of debts, are equally secured, and both must be recognized in making an apportionment.

The course suggested would seem alone to be open, in consistency with the statute, until some legislation shall solve the problem, which the constitution will allow.

There is error.

Error.                                                            Reversed.