## T. C. OAKLEY v. C. M. VAN NOPPEN.

### *Homestead.*

Although the real property of a judgment debtor is incapable of division, and although it would be more advantageous to creditors to have it sold, the Court has no power to order a sale of the land, and a payment to the debtor of one thousand dollars in money in *lieu* of his homestead.

(*Campbell* v. *White*, 95 N. C., 491; cited and approved).

EXCEPTIONS to the report of assessors appointed to allot the homestead, heard before *Connor, Judge,* at Fall Term, 1886, of DURHAM Superior Court.

On execution issued upon a judgment recovered by the plaintiff, the sheriff caused the homestead exemption of the defendant to be valued and laid off to him as prescribed by law, and return thereof made to the clerk of the Superior Court with said execution. The plaintiff filed several objections to the report of the appraisers of their action in the premises, among which is the following, numbered 4 in the series: "That the value of said house and lot, (from which the homestead was set apart,) undivided, is $2,500, the value of the house alone being $1,500; that the house and lot, (as plaintiff believes,) if sold together, will bring such sum as is amply sufficient to pay off the judgment of the plaintiff and pay the defendant the sum of $1,000, with which he can purchase such a homestead as the law allows; yet the excess, for the reasons set forth, would not bring at public sale more than $600, to the great loss of the plaintiff; that the plaintiff believes the homestead allotted to the defendant as aforesaid, exceeds in value the homestead allowed by the law of this State."

An issue was accordingly submitted to the jury, who find the land, so set apart as exempt, is worth $1,500.

Thereupon judgment was entered directing a sale of the entire lot, and the payment of the proceeds of sale into the clerk's office, whereof $1,000 should be retained, subject to the further order of the Court, and the residue to be applied to the plaintiff's judgment. From this judgment the defendant appeals.

*Mr. John Manning*, for the plaintiff.
No counsel for the defendant.

SMITH, C. J., (after stating the facts). There is error in directing a sale. There should have been a re-allotment within the constitutional limits, which are overrun in the first valuation. The present case, with perhaps less reason in support of the order, is governed by the recent case of *Campbell* v. *White*, 95 N. C., 491, of which the Judge must not have known when the decree was made, and adhering to the ruling in that case, we do not propose to review it.

The judgment below must be reversed, that further proceedings be had according to law.

Error.                                        Reversed.