LAURA CAUDLE v. HARIET C. CAUDLE ET AL.

(Filed 4 December, 1918.)

**Dower—Widows—Statutes—One Dwelling.**

> The widow's right of dower in her husband's lands and tenements is allowed to the same extent by our statute as theretofore existing, and thereunder she is entitled to but one-third thereof, including the dwelling-house in which her husband usually resided, and to no more, though this dwelling should be the only land or tenement subject to the right. Revisal, sec. 3084.

PETITION for dower, heard on exceptions and appeal from the clerk by *Webb, J.,* at May Term, 1918, of ROWAN.

The judge sustained the exceptions and reversed the judgment of the clerk. Plaintiff appealed.

*Rendleman & Rendleman for plaintiff.*
*R. Lee Wright for defendants.*

BROWN, J. Plaintiff is the widow and defendants are the heirs at law of Charles A. Caudle, who died seized and possessed of only one piece of real estate, a house and lot, which was his dwelling at time of his

death. Plaintiff claims that the whole should be set apart to her as dower. The contention cannot be sustained. The dower of a widow, of common right, never did extend to more than a third·part of the· lands and tenements of her husband, and our Legislature has never enlarged the right so as to comprehend more than a third.

Section 3084 of the Revisal provides: "That every married woman,. upon the death of her husband, shall be entitled to an estate for life in one-third in value of all lands, etc., of her deceased husband, in which third part *shall be included* the dwelling-house in which her husband usually resided." This is substantially the statute law as contained in the Code, sec. 2103. Revised Code, ch. 118, sec. 3, and Revised Statutes, ch. 121, sec. 3.

There is no statute that authorizes the allotment of more than a third part of the real estate of the husband. Where such estate consists solely of the dwelling-house it follows that only a third in value of that can be allotted. Such is the law as declared in *Stiver v. Cawthorn,* 20· N. C., 645, and recognized in *Campbell v. White,* 95 N. C., 494.

In this last case, referring to an allotment of homestead, *Chief Justice Smith* says: "But it is not improper for us to say that we do not see why a portion of the house, containing rooms of sufficient value, may not be set apart as an allotment of dower."

Affirmed.