EDITH E. HOUSTON v. A. J. SMITH and others.

*Dower—Deed of Surrender.*

1. A widow is entitled to dower only in an estate of inheritance, of which the husband had a seizin in law or a seizin in deed, at any time during the coverture; and therefore she is not dowable of a reversion or remainder expectant upon an estate of freehold.

2. A particular estate of freehold may be surrendered to the remainderman by deed, but not by a parol agreement.

SPECIAL PROCEEDING for dower begun in the probate court and tried at July special term, 1882, of DUPLIN Superior Court, before *Gilliam, J.*

The plaintiff is the widow of John E. Smith, and now the wife of one Houston.

The case was submitted by the parties to the judge to find the facts, which are as follows:

Kinsey Whaley died seized of the land in controversy, and by his will devised the same to his wife, Nancy J., for her life, and the remainder to J. J. Whaley and Ephinia Whaley.

John E. Smith, the father of defendants, purchased the interest of J. J. Whaley, and intermarried with Ephinia Whaley, and the defendants are the issue of that marriage. After the death of Ephinia, John E. Smith intermarried with the plaintiff, and died in 1873 in possession of the land. He rented the land from Nancy J. Whaley for several years. She died in 1881.

The plaintiff offered to prove that two or three years before

the death of John E. Smith, Nancy J. Whaley released him from all rent in the future, and agreed that he should occupy the place during her life without charge. The testimony was objected to, and excluded by the court. The plaintiff excepted, the exception was overruled, and judgment given for the defendants, from which the plaintiff appealed.

*Mr. H. R. Kornegay*, for plaintiff.
*Mr. O. H. Allen*, for defendants.

ASHE, J. The only point presented by the record for our consideration is—was there error in the refusal of His Honor to receive the evidence offered by the plaintiff in relation to the alleged release from rent, and to the agreement on the part of Nancy Whaley that John E. Smith might occupy the land during her life without charge.

By the act of 1868–'69, every married woman, upon the death of her husband intestate, or in case she shall dissent from his will, shall be entitled to an estate for her life in one-third in value of all the lands, tenements and hereditaments, whereof her husband was seized and possessed at any time during the coverture, &c. Of course it must mean an estate of inheritance.

The word "seizin" has a technical meaning in this connection. It is either a seizin in deed or a seizin in law: the former is, where there is an actual possession of a freehold estate; the latter, where there is a right to an immediate possession or enjoyment of a freehold estate. Seizin only applies to freehold estates.

A seizin in law of the husband is as effectual as a seizin in deed, in order to render the wife dowable, but the husband must have the one seizin or the other of an estate of inheritance, to give to his widow a right to dower. There is no such thing as a seizin of a remainder after a freehold estate, because the remainderman has no right to the possession or enjoyment of the land until the determination of the particular estate, and,

40

therefore, a widow is not dowable of such a remainder; but if the particular estate is a chattel, as an estate for years, then the possession of the tenant is the possession of the remainderman, and, as, in that case, the only freehold interest is in the remainderman, he is said to be seized of the remainder, and his wife may be endowed of his lands so holden.

In 1 Scribner on Dower, page 217, it is said: "To give a right of dower, the estate of the husband must confer a right to the immediate freehold. This is an essential requisite at the common law. Dower is not allowed in estates in reversion or remainder expectant upon an estate of freehold; and hence, if the estate of the husband be subject to an outstanding freehold estate, which remains undetermined during the coverture, no right of dower attaches."

What was the nature of the evidence offered by the plaintiff is not made to appear, but as no deed was offered to be introduced, we must assume that the evidence only had relation to a parol agreement, and in that case the estate of Nancy Whaley, being a freehold, could only be passed by a deed—properly a deed of surrender. If the plaintiff was relying upon a deed, and such was the evidence she proposed to offer, to make her exception available, she should have offered to introduce the deed, duly registered, otherwise it would not have been admissible in evidence.

So far as appears from the record, the evidence offered was a mere parol agreement by Nancy Whaley with Smith for him to occupy the land without rent, which made him a tenant at will, leaving the freehold in Nancy and the remainder in Smith, in whom there was no seizin, and not being seized of the land during his life, his wife acquired no right of dower therein. The judgment of the superior court is affirmed.

No error.                                    Affirmed.