HARRIET J. ASKEW v. W. F. ASKEW and wife et al.

*Dower — How Allotted in Mortgaged Lands, &c.*

1. In a petition for dower, where the lands consisted principally of different parcels mortgaged in several deeds by husband and wife, the allotment, under § 2103 of *The Code*, should not be in part of the lands as if unincumbered or subject to same incumbrance, but in each parcel separately, and then the widow can work out her relief by asserting her equity against each creditor, as he seeks to enforce his security

2. Nor, in such case, should the widow be allowed the use for life in a specific sum of money in lieu of dower in a parcel of the mortgaged lands, not deemed susceptible of allotment by metes and bounds, but the allotment should be of one-third, for life, of the premises in value—her share being fixed by law, and not depending on estimates.

SPECIAL PROCEEDINGS for dower, heard before *Graves, J.,* upon appeal from the Clerk, at April Term, 1889, of the Superior Court of WAKE.

William F. Askew, residing in Wake County, died in the month of November, 1887, leaving a widow, Harriet J. Askew, and numerous children, and seized and possessed of a large estate, real and personal, all of which, in his will, he devises and bequeaths to the said Harriet J., in absolute property. Upon the probate of the will, on the 4th day of January, next after his death, she entered her dissent thereto, and thereupon filed a petition for an allotment of dower in

the lands owned by the deceased testator, describing them without mention of incumbrances thereon, against the children, and the wives and husbands of such as were married; and such proceedings were had therein that her dower was duly assigned by commissioners, who, instead of separating the paper-mill lands, gave to her a fractional interest in the money value thereof as an entirety.

Certain creditors were thereupon allowed to intervene and contest the method pursued in making the assignment, and the facts alleged in their petition are agreed upon, and are as follows:

"1. That at the February Term, 1887, of the Superior Court of Wake County, to-wit: on the 10th day of March, 1887, in an action entitled The State of North Carolina, on the relation of Annie E Carr, administratrix of Minnie Moore, deceased, and Albert G. Carr, against Wm. F. Askew, R. G. Dunn, J. B. Dunn, Virginia B. Swepson, executrix of George W. Swepson, deceased; John A. Cheatham, David Lewis, Wm. A. Smith, William K. Davis and John Gatling; the plaintiffs therein recovered judgment against the defendants therein (the defendant Wm. F. Askew being principal and the other defendants being sureties) for the sum of $20,000, to be discharged upon the payment of $10,000, with interest thereon from the 8th day of March, 1887, until paid, at the rate of eight per cent. per annum, and the costs to be taxed by the Clerk, which said judgment was duly docketed in the Superior Court of Wake County in Judgment Docket No. ____, page ____, and is prayed to be taken as part of this petition.

" 2. That no part of said judgment has been paid, but the same now remains due and unpaid.

" 3. That on the 11th day of November, 1887, the said William F. Askew died in the said county of Wake, leaving a last will by which he devised and bequeathed all his property, both real and personal, to his wife, Mrs. Harriet J.

Askew, which said will was probated on the 4th day of January, 1888, and duly recorded in the Clerk's office; and on the said 4th day of January, 1888, the said Mrs. Harriet J. Askew dissented from said will, and filed such dissent in the office of the Clerk of the Superior Court of Wake County.

"4. That on the ____ day of _____, 188__, W. A. Smith, one of the defendants in said above-mentioned judgment, died intestate, and _____, one of these petitioners, was duly appointed administrator of his estate, and qualified according to law.

"5. That on the ____ day of _____, 188__, David Lewis, one of the defendants in said above-mentioned judgment, died intestate, and W. C. Stronach and Thomas Johns, two of these petitioners, were duly appointed administrators of his estate, and qualified according to law.

"6. That on the 31st day of March, 1888, Mrs. Harriet J. Askew, widow of Wm. F. Askew, deceased, having dissented from said will, instituted proceedings in the Superior Court of Wake County, entitled as hereinbefore first above, asking that dower be allotted to her, by metes and bounds, in the lands of her husband, describing the same, as will more particularly appear upon reference to her petition filed.

"7. That in her petition for dower, the said Mrs. Harriet J. Askew alleged that her said husband, W. F. Askew, at the time of his death, was seized and possessed in fee-simple of certain tracts of land, describing each, and embracing in such enumeration all of the lands of her husband, whether he held the legal estate therein or only an equity of redemption.

"8. That said petition did not state, nor did it appear anywhere in said proceedings, that many of the said tracts of land had been conveyed by way of mortgage by W. F. Askew and Harriet J. Askew, his wife (the latter being privily examined according to law), in his life-time, to secure large sums of money, which were still due and owing at the time

said petition was filed and dower assigned, as will herein-
after more particularly appear.

" 9. That such proceedings were had from time to time on
said petition for dower as resulted in having allotted to her,
the said Mrs. Harriet J. Askew, as her dower, one-third in
value of the entire real estate of her husband; and in esti-
mating such value no deduction was made for the amount
of the mortgages then existing, but such value was ascer-
tained as if all of said lands were entirely free from any and
all incumbrances, and judgment was accordingly signed for
such dower on 'the 24th day of November, 1888, by Charles
D. Upchurch, Clerk of the Superior Court of Wake County.

" 10. That on the 1st day of May, A. D. 1882, the Neuse
Manufacturing Company sold and conveyed to Wm. F.
Askew and his heirs certain land and personal property, the
said lands being as follows: One tract at the Great Falls of
Neuse River, and on both sides thereof and including the
Falls, containing 113 acres; one tract lying on the north
side of Neuse River, containing about 37 acres, being the
tract bought of Ellis Garrett by A. M. High, and by mesne
conveyances to Neuse Manufacturing Company; one tract
adjoining the aforesaid Falls tract, containing about 51 acres;
one tract, of which Thomas Garrett died seized, lying on the
north side of Neuse River, adjoining the aforesaid Fall tract,
and containing 206 acres; one tract adjoining the lands of
Nathan Bolton, R. L. Allen and J. M. Crenshaw, containing
50⅛ acres; one tract, containing about 1½ acres, adjoining
the lands of R. L. Allen, the Falls of Neuse Manufacturing
Company and D. F. Fort; one tract adjoining the lands of
R. L. Allen, the Falls of Neuse Manufacturing Company and
D. F. Fort, known as the Gin Lot, all of said lands being in
Wake County.   And the said W. F. Askew paid a part of
the purchase money therefor, and on the said 1st day of
May executed his note for the balance of the purchase money
as follows: For the sum of $12,000, with interest at the rate

of eight per cent. per annum from the 1st day of July, 1882, payable semi-annually, evidenced by his twelve notes, under seal, each for the sum of $1,000, payable ten years after date, and to secure the payment of said purchase-money notes, he, the said Wm. F. Askew, and Harriet J. Askew his wife, made out, executed and delivered to the said the Falls of Neuse Manufacturing Company a deed of mortgage, contemporaneous with said deed of sale, conveying all of said lands which he, the said Askew, had purchased of the Falls of Neuse Manufacturing Company, which said deed of mortgage was duly acknowledged and recorded in the office of Register of Deeds of Wake County, in Book 70, page 558, and prayed to be taken as part of this petition. That no part of said balance of purchase money has been paid, and the interest is now due thereon from the 1st day of July, 1887, and was so due and unpaid at the time said dower was allotted as hereinbefore stated. That the notes for the purchase money as aforesaid were transferred and indorsed for value by the Falls of Neuse Manufacturing Company to Mrs. Harriet J. Askew and her daughter, Miss Maggie Moore Askew, and they are now their property, subject to a claim of the National Bank of Raleigh, N. C.

"11. That all of the lands mentioned in the preceding paragraph were embraced in the petition for dower, and in which the dower, for the most part, was allotted.

"12. That on the 6th day of November, 1879, Wm. F. Askew, being indebted to Miss Mildred Cameron in the sum of $4,000, evidenced by his bond, payable on the 6th day of November, 1882, bearing interest from date at eight per cent. per annum, payable semi-annually, evidenced by six coupon bonds to secure the payment of such indebtedness, he and his wife, Mrs. Harriet J. Askew, conveyed by way of mortgage to John W. Graham, trustee, the lot of land mentioned and described in the petition for dower as lying in the city of

103—19

Raleigh, being lot No. 36 and part of lot 20, as shown by Shaffer's map of said city. That said deed of mortgage was duly acknowledged by both W. F. Askew and Harriet J. Askew his wife, and duly recorded in the Register's office of Wake County, in Book 56, page 198, and prayed to be taken as part of this petition.

"That no part of said indebtedness has been paid, and the interest is now due thereon from the 6th day of May, 1887, and was so due and unpaid at the time said dower was allotted as hereinbefore stated.

"That the land mentioned in this paragraph was embraced in the petition for dower.

"13. That these petitioners had no notice of the proceedings to have dower assigned and were not parties thereto.

"14. That they are informed by counsel learned in the law that the dower assigned to Mrs. Harriet J. Askew, as hereinbefore mentioned, was allotted contrary to law, in that the commissioners should have, in estimating the value of the real estate upon which the mortgages above stated rested, deducted the amount thereof, and only given dower in its equity of redemption.

"15. That by reason of the allotment of dower as aforesaid, these petitioners believe, and so aver, that the balance of the real estate of W. F. Askew, not covered by the dower and the mortgages aforesaid, will prove insufficient to pay off and discharge the judgment particularly set forth in the first paragraph of this petition, and said balance will fall upon the estates represented by them.

"16. That Spier Whitaker, Esq., who is the administrator with the will annexed of Wm. F. Askew, deceased, has filed a petition in the Superior Court of Wake County asking for a sale of the real estate of his intestate, with which to pay debts; and among other allegations contained in his petition is that the personal estate of the said Wm. F. Askew, deceased,

according to the best of his opinion and judgment, is worth about $500."

Whereupon, these petitioners ask—

1. That the judgment made on November 24, 1888, in the proceedings for dower, as in this cause entitled, confirming the report of the jury allotting dower to Mrs. Harriet J. Askew, be set aside.

2. That these petitioners be allowed to come into said suit as parties defendant, file answers to said petition for dower, and except to the report of the jury as filed therein.

3. And for such other and further relief as the nature of the case and the cause of justice demands.

Whereupon, after argument, his Honor gave the judgment set out in the record, from which petitioners appeal.

*Messrs. Geo. W. Snow* and *A. W. Haywood,* for the creditors.
*Mr. J. N. Holding,* for the widow.

Smith, C. J. (after stating the facts). The complaint made by appellants to the manner in which dower is assigned, in respect to the lands under mortgage, lies in the fact that one-third in each, as a whole, and as if free from any incumbering debts, was allowed, instead of one-third in value of the equity of redemption—that is, of the full estate, reduced by the amount of the incumbrance.   Upon the ground of this alleged error, and for its correction, redress is sought in the appeal to this Court.

The commissioners have placed a money estimate upon the several parcels of land left by the deceased, without distinguishing between such tracts as are, and such tracts as are not, charged in deeds of trust with the payment of debts, and have assigned to the widow the whole three-acre lot at Chapel Hill, estimated to be worth $2,500, for her life, have assigned to her no part of the lot in Raleigh, valued at $5,500, and subject to an incumbrance of a secured debt

due to Mildred Cameron of $4,000, by note payable November 6, 1882, and bearing interest at the rate of eight per cent. per annum, how much remains still due being principal and interest to May, 1887. The remaining tracts, which are many in number, and are grouped together as a body, not admitting of separation into parts without impairment in value, are put at a valuation of $27,500, and, to assure the remaining dower, an interest therein of $73 33$\frac{3}{100}$ is assigned as a charge thereon. It thus appears that the aggregate value of the dower is made up of an estimate of the different tracts, as if all were free from incumbering liens, and apportioned in the manner stated. This seems to have been done under the statute which declares that the jury or commissioners " shall not be restricted to assign the same (dower) in every separate and distinct tract of land ; but may allot her dower in one or more tracts, having a due regard for the interest of the heirs, as well as to the right of the widow." *The Code,* § 2103.

This rule is well settled in this State, whatever may be the decisions elsewhere. Under our statute an interpretation is put upon it that a widow is entitled to dower in lands held by her deceased husband under a bond for title, whether the purchase money has been paid or a part of it remains due, and also in any equity of redemption in lands which have been conveyed to secure a debt or liability. The widow's right in such cases, as against the heir or devisee, to have her dower assigned in the entire tract, and the remaining two-thirds, as well as the reversionary interest in the part covered by her dower, sold in exoneration, when the personal estate is not sufficient, and her dower only sold when needed, after these appropriations, to pay the secured debt or discharge the liability, is equally well settled.

In *Thompson* v. *Thompson,* 1 Jones, 430, it was decided that a right to dower existed in lands held under a contract to convey when paid for, though part of the purchase money

was due, but without regard to its diminished value in consequence thereof, and that the personal estate applicable to the debt must be employed in relieving the land of the burdening liability.    In the opinion a doubt is expressed as to whether the residue of the estate in the land should, in case of failure of personal property, be also thus applied in relief of the dower.    The doubt was resolved in favor of the widow in *Caroon* v. *Cooper*, 63 N. C., 386, and the result stated in these words:    "Our conclusion is that the widow is entitled to have dower assigned out of the whole tract, and cannot be called on until it is ascertained that the remaining two-thirds and the reversion in the one-third, covered by her dower, are insufficient to pay off the incumbrance of the purchase money."

In *Creecy* v. *Pearce*, 69 N. C., 67, the doctrine is extended and made to embrace an equity of redemption in lands conveyed in trust; and while the residue of the estate, outside of the dower, must be put in the forefront of liability in discharging the incumbrance, its full amount has no priority over other debts of the same class, out of the personal assets; its residue, after the reduction by the said funds, must share with other debts in the distribution of assets in the hands of the administrator.    In like manner, it is held that the bankrupt must take, when there are none but incumbered lands, his exempt real estate out of the lands estimated, as if unincumbered.    *Burton* v. *Spiers*, 87 N. C., 87.

If necessary, however, to meet the debt or liability resting upon the land, the dower must also go, for it is allotted in subordination to the claim of the creditor, to a full satisfaction of his debt.    It is obvious the doctrine prevailed only in reference to a single tract of land, or several conveyed by the same deed, or included in the same contract, and determines the relation and rights of parties thereunder.    The decisions proceed no further.

In order to the enforcement of the widow's equity, the dower must first be laid off in the manner directed by law; and when the creditor seeks by a specifiic performance to subject the lands to his debt, the equity of the widow springs up, to have all outside of her dower estate in the premises sold, and the proceeds thereof first applied in discharge of the debt, so that, if found to be sufficient, she may have her dower exonerated or reduced to a sum she may be able to meet, and thus have full and absolute relief. It is plain that the value of the dower is the allotted part, diminished by the sum necessary to be raised for its relief, after exhausting these resources first applicable, and this value would depend upon the further sum to be raised out of the dower land itself. It would be manifestly unjust to take the full value of incumbered lands, as if they were free from incumbrance, and assess other lands, held under a different title, with the entire sum, in awarding dower therein; nor do the adjudications referred to warrant any such course.

It might be, as, perhaps, it was, so considered by the commissioners, that the lots in Raleigh were burdened to their full value, and no practical benefit would be secured by assigning dower therein; and surely one-third of that portion of the testator's estate ought not to be allowed to swell the aggregate value of the dower, and be imposed on other lands. It is equally plain that the whole lot at Chapel Hill should not be assigned in the absence of any evidence that her dower in all the lands would be of equal value with that lot. The statute which authorizes the assignment of the dower in parts of the lands, instead of upon each separate tract, has reference to the rights and interests of others as well as that of the widow, and the exercise of the power must be in the sound discretion of the commissioners, and where no wrong is thereby done to others.

But it cannot be exercised upon the basis of the rulings appropriate to lands held under one title and subject to the

ASKEW *v.* ASKEW.

same incumbrance. In the present case, the application is a simple one for the allotment of dower, and its purpose is attained by an assignment in each separate parcel. It is impossible to tell the value of the dower in the incumbered estate, until there has been a sale of the outside parts and the reversion, nor is this possible before an assignment and location of the dower have been in fact made and the price they will bring ascertained. If the whole tract was sold, as, by consent, it may be, the fund could be apportioned between the creditor and widow; but this would not be an assignment of dower, or a specific appropriation of lands as such, but a division of the money, and she not only does not assent to this, but demands to have her dower defined and set apart in all the lands.

It is plain that the doctrine established in the adjudications, and which is limited to lands under one and the same trust, cannot, with any justice, be carried so far as to embrace lands under a different trust, and subject to liens of different proportionate sums, with the necessary uncertainty as to how far the dower in each may be exonerated by the application of the widow's equity in reference to each, separately considered.

To secure the benefits of the principle, so far as the incumbered lands are involved, the widow must do as she has done here, ask an assignment of her dower in all the lands, and then she works out her relief by asserting her equity against the creditor when he seeks to specifically enforce his contract, or foreclose by a sale.

We think there is error in the manner in which the commissioners dispose of the petitioner's claim upon the series of tracts which are consolidated and treated as one body. Besides the rectification of the error, in not allowing the petitioner an interest—that is, a life use—in one-third of the estimated value of the whole, but a smaller sum, if undivided and to be held in common, the allotment should have

been of one-third of the premises in value, as the law awards, and not the use of any specific sum, for that sum may not be realized by the sale; and whether more or less, her share therein is fixed by the law, and does not depend upon estimates thus made. There would be no difficulty in putting the dower derived from several tracts, put wholly upon one or more, when all are unincumbered, for this is both allowed by the statute and is consistent with the rights of other interested parties.

For the reason stated, the judgment must be set aside as erroneous, and a new allotment of dower ordered to be made. To which end, this will be certified to the Court below.

Error.