GEORGE W. THOMAS, ADMINISTRATOR, v. BETTIE BUNCH ET AL.

(Filed 28 February, 1912.)

1. **Deeds and Conveyances—Construed as a Whole—Formal Parts—Intent.**

   In construing a deed the courts attach little importance to the position of its different clauses, but look to the whole instrument, without reference to formal divisions, to ascertain and effectuate the intention of the parties as gathered from every part of the deed, if it can be done by any fair and reasonable construction.

Thomas *v.* Bunch.

2. **Deeds and Conveyances—Reservation of Life Estate—Considera-
tion of Support—Defeasance.**

> A deed to lands in consideration of support by the grantees of
> the grantor and his wife, with a clause of defeasance to compel
> performance, in which "a life estate is hereby reserved by" the
> grantors, conveys only a remainder to the grantees upon their
> performance of the consideration.

3. **Estates — Remainderman — Widow—Dower—Homestead—Seizin
of Husband—Constitutional Law.**

> When the life estate is outstanding at the time of his death,
> the widow of the remainderman is not entitled to dower or
> homestead in the lands, as he was not seized thereof; and the
> husband must be the owner of the homestead at the time of his
> death, leaving a widow but no children, for the exemption of the
> lands from his debts inures to her benefit. Const., Art. X, sec. 5.

Appeal from *Justice, J.,* at November Term, 1911, of Bertie.

This is a proceeding by the administrator of Charles B. Bunch
to sell land for assets, and the only question presented by the
appeal is the right of the widow of the intestate to dower or to
a homestead in the land described in the petition.

A jury trial was waived and the following facts agreed to:

"First. That on 9 March, 1899, Asa Cooper was the owner in
fee simple and in possession of the following described tract of
land in Bertie County, N. C., to wit: The Asa Cooper tract of
land, which is bounded by the lands of H. W. Bazemore and
Mrs. J. J. Cobb, and by the public road leading from Republi-
can Church to Windsor, and being the tract of land Asa Cooper
that day was living on, and containing 40 acres, more or less.

"Second. That on the said 9 March, 1899, Asa Cooper and
wife, S. A. Cooper, conveyed said land to Charles B. Bunch by
deed of record in Book 94, page 397, Bertie Register of Deeds'
office, a copy of which deed is annexed as part hereof.

"Third. That immediately upon the execution of the said
deed Charles B. Bunch and wife moved upon said land and took
charge thereof, and in all respects cared for and supported the
said Asa Cooper and his wife, S. A. Cooper, until the death of
C. B. Bunch, and then his heirs at law continued to do so.

"Fourth. That Asa Cooper died on 21 June, 1906, and his
wife, S. A. Cooper, died on 2 January, 1910.

THOMAS *v.* BUNCH.

"Fifth. That Charles B. Bunch died intestate and without leaving any children, on 29 December, 1909, leaving his wife, Hattie I. Bunch, him surviving.

"Sixth. That Hattie I. Bunch does not own any real estate of any kind and has no homestead of her own.

"Seventh. That George W. Thomas has been regularly appointed and is now the duly qualified administrator of all and singular the rights and credits, goods and chattels of the said Charles B. Bunch.

"Eighth. That the personal property of the said Charles B. Bunch has been exhausted in the payment of his debts, and there is indebtedness still outstanding, and for the payment of which it will be necessary to sell the land of the said Bunch.

"Ninth. That Hattie I. Bunch claims to own and demands a homestead in the said tract of land, and in the surplus arising from the sale of the same, which is under mortgage, and she consents that the administrator sell said land for assets to pay said debts, costs, and charges of administration, and asks for a homestead in the excess.

"Tenth. That if the said Hattie I. Bunch is not entitled to a homestead in said land, she demands her dower therein, and she consents to a sale and to have the value of her dower calculated and paid to her. Her age is 28 years.

"Eleventh. That James H. Bunch, William Bazemore, Mattie Bazemore, and Thomas H. Bazemore are the heirs at law of Charles B. Bunch."

The deed referred to is dated 9 March, 1899, and the grantors therein are Asa Cooper and S. A. Cooper. It conveys the land described in the petition to Charles B. Bunch and his assigns, and, after the description of the land, contains the following clause:

"The terms and conditions of this deed are as follows: That the said Charles B. Bunch obligates on receipt of this deed executed to him by said Asa Cooper and wife, S. A. Cooper, to support and care for them during their natural lifetime, and a life estate is hereby reserved by said Asa Cooper and S. A. Cooper, his wife. Should the said Charles B. Bunch, party of the second part, fail to comply with the terms of this deed, then the same shall be null and void."

158—12

THOMAS *v.* BUNCH.

The *habendum* follows, and then covenants of seizin and warranty.

His Honor held that S. A. Cooper was entitled to a life estate in said land under said deed, and as she was living at the time of the death of Charles B. Bunch, he was not seized of said land, and his widow was not entitled to dower or a homestead therein, and she excepted and appealed.

*Winston & Matthews for defendant, appellant.*

*Pruden & Pruden, S. Brown Shepherd, and Gillam & Davenport for defendant, appellee.*

ALLEN, J. The right of the widow of Charles B. Bunch to dower or to a homestead depends on the estate and interest in her husband at the time of his death.

If there was an outstanding life estate, there was no seizin in him which would entitle her to dower (*Houston v. Smith,* 88 N. C., 313; *Barnes v. Raper,* 90 N. C., 190; *Redding v. Vogt,* 140 N. C., 562); nor was he entitled to a homestead in the remainder (*Murchison v. Plyler,* 87 N. C., 79; *Stern v. Lee,* 115 N. C., 427); and it is only in the contingency that the husband is the *owner* of a homestead at the time of his death, leaving a widow but no children, that the exemption from debts inures to her benefit. Const., Art. X, sec. 5.

The decision of this appeal depends, therefore, on the construction of the deed from Asa Cooper and S. A. Cooper to Charles B. Bunch, and if, by correct interpretation, a life estate is reserved therein to S. A. Cooper, the widow of Bunch would not be entitled to dower or a homestead, because S. A. Cooper was living at the time of the death of Bunch, and his estate would be in remainder.

It is true that under the modern rule of construction, little importance is attached to the position of the different clauses in a deed, and the courts look at the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties. *Gudger v. White,* 141 N. C., 512; *Featherstone v. Merrimon,* 148 N. C., 205; *Triplett v. Williams,* 149 N. C., 396; *Real Estate Co. v. Bland,* 152 N. C., 231; but rules of construction can only be resorted to when the meaning is doubt-

ful, and each and every part of the deed must be given effect, if this can be done by any fair or reasonable construction. *Davis v. Frazier,* 150 N. C., 451.

Language of similar import and almost identical with that in the deed before us was considered in the case of *In re Dixon,* 156 N. C., 26, and it was there held that the grantee took an estate in remainder after the death of the husband and the wife. In this deed the language is, "and a life estate is hereby reserved by said Asa Cooper and S. A. Cooper, his wife," and in the deed in the *Dixon case,* "I, the said R. A. L. Carr, reserving a life interest for myself and wife, Sarah A. L. Carr, in the above described land," and it was said in the latter case: "The reservation in the deed is valid, and said deed did not become effective till after the death of the grantor and his wife"; and again: "Construing the whole deed as written, there is here a reservation of the whole for the life of the grantor and his wife, with remainder in fee to their daughter."

If there is any difference in the meaning of the clauses in the two deeds, there is stronger reason for saying that the deed in this case conveys an estate in remainder to the grantee, because in the deed in the *Dixon case* the husband alone was the grantor, and a life *interest* was reserved, while in this the husband and wife are the grantors, with the reservation of a life *estate*.

The provision for support is in consideration of the conveyance of the remainder, and the clause of forfeiture was inserted to compel performance of the obligation.

We conclude that a life estate was reserved to Asa Cooper and S. A. Cooper, and that Charles B. Bunch was, at the time of his death, the owner of an estate in remainder, the said S. A. Cooper being then alive, and that the widow of said Bunch is not entitled to dower or a homestead therein.

Affirmed.