MABEL GREEN VANNOY v. JOSIE GREEN, WIDOW, G. C. GREEN, JR., HAZEL AUSTIN, GLENN AUSTIN, MARY AUSTIN, ALICE LEE AUSTIN, AND C. S. NEAL, GUARDIAN AD LITEM.

(Filed 28 February, 1934.)

**1. Dower C b: Partition A a—**

Dower may be allotted the widow and lands partitioned among the heirs in one proceeding. C. S., 3226, 4105.

**2. Dower C b—Widow does not have the right to select land to be allotted for her dower.**

The widow has no right to select the lands to constitute her dower, the commissioners being required by statute to equally protect the interest of the heirs and widow, and the right of dower being statutory,

and there being no statutory provision conferring such right on the widow, C. S., 4100, providing that the commissioners need not select the dwelling-house if the widow requests otherwise, being merely to afford relief from the otherwise mandatory duty of the commissioners to select the dwelling-house, and not conferring the right of selection on the widow. C. S., 4104, 4105.

APPEAL by Josie Green from *Clement, J.,* at September Term, 1933, of ASHE. Affirmed.

On 16 April, 1931, G. C. Green died intestate seized and possessed of real estate in Ashe County. He owned valuable personal property. In September, 1931, the petitioner instituted a special proceeding before the clerk for allotment of the widow's dower and partition of the real property. Pleadings were filed and the clerk found that the personal property was sufficient to pay the debts of the intestate, advancements that might be recovered, and the costs of administration, and appointed three men to serve as jurors and commissioners in allotting dower and partitioning the land. The commissioners complied with the order of the court and made their report.

Josie Green excepted to the report on the ground that she was not permitted by the commissioners to select the real property which was to be allotted as her dower; that the valuation of the property allotted to her was too high; and that she was not allotted one-third in value of the lands of her deceased husband.

The clerk heard and considered affidavits filed by the parties and confirmed the report. On appeal to the Superior Court Judge Clement, after finding as a fact that the widow requested the jurors to give her an opportunity to point out property for the allotment of her dower and that they ignored her request and allotted dower in property she did not want, affirmed the order of the clerk. From this judgment the widow, Josie Green, appealed.

*T. C. Bowie for appellant.*
*Ira T. Johnston and C. W. Higgins for petitioner.*
*W. B. Austin for Hazel Austin, Glenn Austin, Mary Austin and Alice Lee Austin.*

ADAMS, J. The only appellant is Josie Green, widow of G. C. Green, who died intestate on 16 April, 1931. The procedure is not questioned; in the allotment of dower and the partition of land only one proceeding is necessary. C. S., 3226, 4105; *Baggett v. Jackson,* 160 N. C., 26. The appeal presents the question whether a widow has a legal right to select the land upon which her dower shall be allotted—*i. e.,* whether she has a legal right to determine the location of her dower.

At common law a widow had no estate in her husband's land until her dower was assigned. *Spencer v. Weston,* 18 N. C., 213; *Harrison v. Wood,* 21 N. C., 437. She was permitted to remain in his mansion for forty days after his death, the period known as "the widow's quarantine," during which her dower was to be allotted. The particular lands to be held in dower were assigned by the heir of the husband or by his guardian, and if neither the heir nor his guardian assigned her dower within the term of quarantine the sheriff was appointed to make the allotment.

Under the old English law there were five species of dower, in only one of which the widow "endowed herself"—a species which was found necessary to the release of lands held under a particular tenure and which was abolished along with military tenures and is now of interest chiefly as an incident in the evolution of the law. 2 Bl., 135; 2 Scribner on Dower, 65 *et seq.* In the common law we find no basis for the appellant's argument. The old method of the heir's assigning dower, at one time recognized in this State (*Williamson v. Cox,* 3 N. C., 4; *Sutton v. Burrows,* 6 N. C., 79), has been superseded by various statutes, the last of which are contained in chapter 80, of the Consolidated Statutes, some of which, however, have been amended. In section 4104 it is provided that if the personal property of a decedent be insufficient to pay his debts and the charges of administration the heir and the widow may agree to an assignment of dower by deed, and in section 4105 that if no such agreement be made the widow, and, if she fail, the heir may apply for the assignment by petition filed in the Superior Court.

We find nothing in these statutes to indicate that the widow may select her dower or "endow herself." In section 4100 it is said that the jury summoned to assign dower shall not be restricted to an assignment in every separate and distinct tract of land, but may allot dower in one or more tracts. This clause was inserted for the reason that at common law the widow was entitled to be endowed of all lands and tenements of which her husband was seized in fee at any time during the coverture, and this implied that she was entitled to one-third out of each parcel of land. "The assignment of dower required by the common law is of one-third part of the lands and tenements of which the widow is dowable . . . . The endowment, therefore, must be of parcels of the lands and tenements themselves." 2 Scribner, 74; 19 C. J., 544, sec. 237.

It is further provided that section 4100 shall not be construed to compel the jury to allot the dwelling-house in which the husband usually resided, when the widow shall request that her dower be allotted in other property. This clause was intended to afford release from the preceding requirement that the dwelling-house be included in the allotment, as it must be if such request is not made; but release from this requirement

was not intended to confer upon the widow the compulsory power of selection. Inclusion of the dwelling-house in the assignment is not mandatory when the widow requests that it be omitted, but this provision does not exempt the jury from the duty of "having a due regard to the interest of the heirs as well as to the right of the widow." Sec. 4100; *Askew v. Bynum,* 81 N. C., 350; *Caudle v. Caudle,* 176 N. C., 537. The statute enjoins the protection of these conflicting interests. The power to choose her dower would be equivalent to the widow's power to deprive the heir of any part of the inheritance that would yield profit or income.

It is argued that her dower should be selected by the widow as the homestead is selected by the owner, but the interests are not identical. "Dower is entirely statutory, and the language of the statute, and of the decisions construing it as well, are so explicit and peremptory that any relief must be sought in a modification of the statute." *Howell v. Parker,* 136 N. C., 373. The owner's right to select his homestead is conferred by the Constitution: "Every homestead and the dwellings and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof  .  .  .  shall be exempt from sale under execution." Constitution, Art. X, sec. 2. No constitutional or statutory provision confers upon a widow the right to select her dower. Judgment

Affirmed.