VIRGINIA TRUST COMPANY v. A. T. WHITE, ADMINISTRATOR, ET AL.

(Filed 3 May, 1939.)

**Dower § 5—**

> In determining the present value of inchoate dower or dower consummate, the full value of the dowerable lands, encumbered as well as unencumbered, and without deducting the mortgage debt, constitutes the proper basis of computation.

APPEAL by defendant A. T. White, administrator, from *Harris, J.,* at November Term, 1938, of WAKE.

Civil action for allotment of dower and to enforce assignment thereof. *Parton v. Allison,* 109 N. C., 674, 14 S. E., 107.

At the time of the death of Berry O'Kelly, 14 March, 1931, he and his wife, Marguerite O'Kelly (now Marguerite O'Kelly White), were indebted to the Virginia Trust Company, Trustee, in a large sum of money evidenced by their joint promissory notes and secured by deed of trust on certain lands situate in Wake County. Upon foreclosure a deficiency was found to exist, and in consideration of petitioner's forbearance not to secure deficiency judgment on said notes against the widow, she assigned and transferred to the Virginia Trust Company, Trustee, "all her right, title and interest to dower in and to the lands of the estate of Berry O'Kelly, deceased." Berry O'Kelly died seized of several tracts of lands situate in Wake County, some encumbered and others unencumbered. It was ordered that the dower interest of his widow be appraised upon the value of all said lands of which the said Berry O'Kelly died seized, "regardless of whether said lands were encumbered or unencumbered."

From this ruling the defendant administrator appeals, assigning error.

*N. G. Fonville and Shepherd & Shepherd for plaintiff, appellee.*
*R. B. Templeton and J. M. Templeton for defendants, appellants.*

STACY, C. J. The question for decision is whether a widow's dower is to be computed on the basis of the encumbered real estate of which her husband died seized, as well as of the unencumbered. The authorities answer in the affirmative. *Chemical Co. v. Walston,* 187 N. C., 817, 123 S. E., 196, and cases there cited. The judgment below accords with the substantive law on the subject.

It is well established that in determining the present value of dower, inchoate (*Blower Co. v. MacKenzie,* 197 N. C., 152, 147 S. E., 829) or consummate (*Caroon v. Cooper,* 63 N. C., 386), the full value of the dowable lands, encumbered as well as unencumbered, and without deducting the mortgage debt, constitutes the basis of computation. *Creecy v. Pearce,* 69 N. C., 67; *Gwathmey v. Pearce,* 74 N. C., 398; *Askew v. Askew,* 103 N. C., 285, 9 S. E., 646. The basis of computation of dower is unaffected by the rights of creditors, secured or unsecured. *Gore v. Townsend,* 105 N. C., 228, 11 S. E., 160; *Overton v. Hinton,* 123 N. C., 1, 31 S. E., 285. We are not now concerned with how the rights of creditors, devisees and legatees are to be worked out. *Chemical Co. v. Walston, supra.*

While not presently germane, as "any objection to the manner of the trial by the court below" has been specifically withdrawn, it may not be amiss to observe generally that in dealing with procedural questions in matters of this kind, what was said in the case of *Griffin v. Griffin,* 191 N. C., 227, 131 S. E., 585, should not be overlooked.

The record, as amended by stipulation, presents no exceptive assignment of error which can be sustained. The judgment will be upheld.

Affirmed.