ANNICE POOLE WAGGONER v. J. M. WAGGONER AND WIFE, JULIA MAY WAGGONER; GILMER Y. WAGGONER; MITCHELL WAGGONER AND WIFE, MRS. MITCHELL WAGGONER; J. E. WAGGONER AND WIFE, CORA LEE WAGGONER; MYRTLE WAGGONER KISER; MABEL WAGGONER GALVIN AND HUSBAND, ROBERT GALVIN.

(Filed 8 May, 1957.)

**1. Pleadings § 28—**

Motion for judgment on the pleadings cannot be allowed if the pleadings raise issues of fact for the determination of the jury and not merely issues of law.

**2. Dower § 8f—**

Where petitioner seeks the cash value of her dower out of the surplus after foreclosure of a mortgage on lands of which her husband died seized, and alleges her age and that the cash value of her dower was a stipulated amount, which asserted value is expressly denied by respondents, judgment is improperly entered on the pleadings, since the burden is upon the widow to establish her life expectancy upon which the cash value of the annuity

value of her dower must be ascertained, G.S. 8-47, and her life expectancy is a question of fact for the determination of the jury, the mortuary tables, G.S. 8-46, being merely evidentiary.

**3. Dower § 9—**

A married woman may, by conduct and false representation, estop herself from claiming dower.

**4. Same—**

Respondents alleged that their father owned a life estate in lands, that respondents owned the remainder, and that respondents, in reliance upon their step-mother's representation that she would not claim dower, conveyed their remainder to their father in order for him to obtain a loan to pay taxes and assessments and make repairs to the property, and that she benefited therefrom during the life of her husband. *Held:* In her proceeding for allotment of dower consummate, the facts alleged are sufficient to raise the question for the determination of the jury as to whether the step-mother was estopped to assert dower, with burden on respondents to establish the factual basis for their plea of estoppel.

APPEAL by defendants from *Preyer, J.,* Regular October Term 1956, ROWAN.

This proceeding for the allotment of dower was begun 30 June 1956. The facts stated in the petition may be summarized as follows: Petitioner is the widow of F. W. Waggoner, who died 1 July 1954; defendants are his children and heirs at law; at his death he was seized and possessed of a lot situate in Salisbury on which there was a one and one-half story dwelling house; at the time of her husband's death, petitioner was living with him, was then 68 years old, and is entitled to dower in said land; said land was encumbered by mortgage and was sold for $7,400 to satisfy the mortgage; after the debt and expenses of sale were paid, there was a surplus of $1,278.17. Petitioner further alleges: "VI. That, based on her life expectancy, petitioner would be entitled to dower in the amount of $1,169.35 on the property described in paragraph II above." She asks that the present cash value of her dower be paid to her from the surplus of the foreclosure sale.

Defendants answer, admitting that petitioner was the widow of their deceased father, that she was living with him at the time of his death, that she was then "68 years of age or more," that the land was sold and a surplus existed as alleged in the petition. They denied section VI of the petition, denied that deceased was seized and possessed of the land described, and denied, for the reasons set out in their further answer, that petitioner was entitled to dower. The amended further answer alleged that petitioner and deceased were married in 1934; at that time deceased owned a life estate in the lot, and defendants owned the remainder; between 1934 and 1945 taxes and street assessments accumulated as charges against the land; deceased was without funds

to pay the taxes and assessments or to make repairs to the property; petitioner agreed if defendants would convey the property to their father so that a loan could be obtained and the moneys used to pay taxes, street assessments, and to repair the dwelling on the lot, she would, if she survived her husband, assert no claim of dower in the property; they had confidence in her, and, relying on her representations and assurances, on 7 August 1945, conveyed the land to their father without other or further consideration; petitioner, during the life of her deceased husband, was the beneficiary of the repairs and improvements made and is estopped now to assert any right of dower in the land or proceeds of sale.

Petitioner moved for judgment on the pleadings. The motion was allowed and thereupon it was adjudged that petitioner was entitled to be paid from the surplus derived from the foreclosure sale the amount claimed by her. Defendants appealed.

*Ira R. Swicegood and Max Busby for petitioner appellee.*
*William J. Waggoner for defendant appellants.*

RODMAN, J.   Did the answer raise issues of fact or merely issues of law? If material facts alleged by the petitioner are denied by the defendants, the truth must be ascertained by a jury. G.S. 1-172; *Sparks v. Sparks,* 232 N.C. 492, 61 S.E. 2d 356; *Wells v. Clayton,* 236 N.C. 102, 72 S.E. 2d 16.

Petitioner alleges that she is entitled to dower, and, based on her life expectancy, the cash value of her dower is $1,169.35. Defendants expressly deny this asserted value. Upon this denial the burden of proof rests upon petitioner. Some of the factors tending to support her claim are admitted. It is admitted that the land was encumbered and sold for $7,400. If entitled to dower, she was entitled to use one-third of that property without regard to the encumbrance, that is, the use for her life of property valued at $2,466.67. *Trust Co. v. White,* 215 N.C. 565, 2 S.E. 2d 568; *Chemical Co. v. Walston,* 187 N.C. 817, 123 S.E. 196. The right to use this property was the equivalent of an annuity of $148 for life, that is, interest at six per cent on $2,466.67. G.S. 8-47.

She was, at the time of her husband's death, 68, and when she applied for dower, 70 years of age. Thus far the facts are not in controversy, but she does not ask that the annuity be paid to her as an annuity. She seeks the cash value of that annuity. She must establish her life expectancy. It may be assumed that she turned to the mortuary table, G.S. 8-46, as amended in 1955, to ascertain her probable life expectancy, and to the expectancy shown in that table for age 68, turned to the table of cash values of annuities, G.S. 8-47, and found the sum which she

claims. The defect in that process is that G.S. 8-46 does not, like G.S. 8-47, give a mathematical result which the court can apply. Petitioner's life expectancy is expressly put in issue by the answer. The table given in the statute is merely evidentiary.

Life expectancy is a question of fact and when disputed must be determined by a jury. *Starnes v. Tyson,* 226 N.C. 395, 38 S.E. 2d 211; *Trust Co. v. Greyhound Lines,* 210 N.C. 293, 186 S.E. 320; *Sledge v. Lumber Co.,* 140 N.C. 459. Because the mortuary table is only evidentiary, it has been decided that the cash value of dower inchoate depends on the ages of husband and wife, and on their health, habits, and all other circumstances tending to show the probabilities as to the length of life. *Gore v. Townsend,* 105 N.C. 228; *Blower Company v. MacKenzie,* 197 N.C. 152, 147 S.E. 829. We perceive of no reason for differing rules for determining life expectancy as between married women entitled to dower inchoate and widows entitled to dower consummate. The necessity for a jury determination of life expectancy to fix the cash value of a widow's dower has been recognized by the Bar, *Smith v. Smith,* 223 N.C. 433, 27 S.E. 2d 137.

Defendants are entitled to have a jury determine petitioner's life expectancy with the burden on petitioner.

Defendants deny that petitioner's husband was seized of the land on which the claim of dower is asserted. Had their answer stopped there, the burden would have rested on petitioner to establish her husband's ownership. But defendants, by their further answer, admit they conveyed the land to their father. They allege they were induced to convey by petitioner's assurance that she would not assert any claim of dower. They say in substance that, relying on the assurances given them by petitioner, they provided the means for petitioner and her husband to have a home during their joint lives which could have been forfeited for nonpayment of taxes, G.S. 105-410, and to permit petitioner to misuse their generosity, in violation of the assurances which she gave, would be a species of fraud which the law should not tolerate. Defendants do not predicate their defense on acts occurring subsequent to their conveyance. They do not claim a parol release of an accrued right. *Houston v. Smith,* 88 N.C. 312, and *Luther v. Luther,* 234 N.C. 429, 67 S.E. 2d 345, which petitioner cites in support of the judgment, have no application here. Defendants' position is that petitioner ought not to be permitted to acquire a right by false and fraudulent representation.

Undoubtedly a married woman may, by conduct and false representation, estop herself to assert a claim to dower. *Hodge v. Powell,* 96 N.C. 64; 17 Am. Jur. 734; 28 C.J.S. 117.

What is necessary to allege and establish in order to estop one from asserting an apparent right was clearly stated by *Walker, J.,* in *Boddie*

*v. Bond,* 154 N.C. 359, 70 S.E. 824. The test there enunciated has been repeatedly approved. *Bank v. Winder,* 198 N.C. 18, 150 S.E. 489; *Thomas v. Conyers,* 198 N.C. 229, 151 S.E. 270; *Scott v. Bryan,* 210 N.C. 478, 187 N.C. 756; *McNeely v. Walters,* 211 N.C. 112, 189 N.C. 114; *Martin v. Bundy,* 212 N.C. 437, 193 S.E. 831; *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889; *Long v. Trantham,* 226 N.C. 510, 39 S.E. 2d 384; *Hawkins v. Finance Corp.,* 238 N.C. 174, 77 S.E. 2d 669.

The factual allegations of the amended further answer are sufficient to invoke the doctrine of estoppel. Defendants are entitled to have a jury hear the evidence and determine the truth of the allegations, with the burden on defendants to establish the facts on which they base their plea of estoppel.

Error.