PETER A. MITCHELL, MRS. EVA ELMORE, AND MRS. IVYREE G. BRATSOS v. KENNETH R. DOWNS, ADMINISTRATOR C.T.A., D.B.N. OF THE ESTATE OF HARRY E. POULOS.

(Filed 27 April, 1960.)

**1. Executors and Administrators § 4—**

The clerk of the Superior Court has authority to grant letters of administration with the will annexed, and the person so appointed has the same rights, powers and duties as though he had been named executor in the will. G.S. 28-1; G.S. 28-24.

**2. Executors and Administrators § 33—**

The authority of an executor or administrator to represent the estate continues so long as the estate is not fully settled, unless terminated by his death, resignation, or removal in some manner sanctioned by law.

**3. Executors and Administrators § 36—**

An action against an executor or administrator on a claim against the estate may be brought originally in the Superior Court at term time, and the Superior Court has authority in such action to order an account to be taken by such persons as the court may designate, and to adjudge the application and distribution of assets of the estate, or to grant such other relief as the nature of the case may require. G.S. 28-147.

**4. Executors and Administrators § 33—**

Where it is made to appear that the administrator c.t.a. has funds in his hands belonging to the estate, a prior order of the clerk discharging the personal representative may be set aside by motion in the cause, and an action asserting a claim, which if established would constitute a debt of the estate, may be treated as such motion.

APPEAL by defendant from *Sharp, S. J.*, at December 7, 1959 Special Civil Term, of MECKLENBURG.

Civil action to recover of defendant's decedent certain damages as a result of fraud and misrepresentation on the part of Harry E. Poulos as alleged in the complaint.

MITCHELL v. DOWNS.

The record of complaint shows that Harry E. Poulos, of Mecklenburg County, North Carolina, died on 20 July 1957, leaving a last will and testament in which he named Peter A. Mitchell, who is one of the plaintiffs herein, as Executor.

The will was duly probated, and Peter A. Mitchell qualified as executor. Letters testamentary were issued to him on 5 November 1957, and he immediately thereafter entered upon the duties of executor. And thereafter, in carrying out his duties as executor, Peter A. Mitchell discovered among the papers of the deceased certain bank books, records and other documents which led him to believe that the deceased, Harry E. Poulos, had wilfully, maliciously and knowingly concealed and misappropriated to his own use and benefit certain moneys of a partnership that rightly belonged to the plaintiffs here. As soon as Mitchell discovered this alleged fraud and misappropriation, he filed petition with the Clerk of Superior Court of Mecklenburg County for his resignation as Executor and was discharged as such on 15 September 1958.

Thereafter, the defendant Kenneth R. Downs was appointed administrator c.t.a., d.b.n. of the Estate of Harry E. Poulos, and entered upon the duties as such, and on 7 November 1958, he filed in office of Clerk of Superior Court what is denominated "Final Account".

And on 21 November 1958, the final account and record of disbursements of Kenneth R. Downs as administrator c.t.a., d.b.n. was audited and approved and an order discharging him as such administrator c.t.a., d.b.n. was signed by the Clerk of Superior Court of Mecklenburg County, and filed in his office.

On 5 June 1959, the present suit was filed by the plaintiffs naming as defendant Kenneth R. Downs, Administrator c.t.a., d.b.n. of the Estate of Harry E. Poulos. Summons was issued and served. And the record shows that on 2 July 1959, the defendant herein entered a special appearance solely for the purpose of making motion, and moved the court "to dismiss this action due to the fact that he is not a proper party to this action." And as grounds therefor defendant shows to the court:

"1. That as Administrator c.t.a., d.b.n. of the Estate of Harry E. Poulos, the said Kenneth R. Downs filed a final account and record of disbursements in the office of the Clerk of Superior Court on the 7th day of November, 1958.

"2. That on the 21st day of November 1958, the final account of Kenneth R. Downs, Administrator c.t.a., d.b.n. was audited and approved and an order discharging Kenneth R. Downs Administrator

c.t.a., d.b.n. was signed by J. Lester Wolfe, the Clerk of Superior Court an ex officio Judge of Probate."

And thereafter on 16 December 1959, the cause coming on for hearing and being heard before Judge Susie Sharp, upon defendant's motion before-stated, and the court being of opinion that the motions should be denied, "ordered, adjudged and decreed that the motion to dismiss the action be, and the same was thereby overruled and denied."

And by order of the court defendant was allowed thirty (30) days from date thereof in which to file answer or otherwise plead.

Defendant excepted to the court denying his motion to dismiss the action and to the signing of the order, and appeals to Supreme Court and assigns error.

*George J. Miller for defendant, appellant.*
*Herbert & James for plaintiffs, appellees.*

WINBORNE, C. J.　In this State it is provided by statute, G.S. 28-1, that the Clerk of Superior Court of each county has jurisdiction within his county, among other things, to grant letters of administration with the will annexed.

In this State it is also provided by statute, G.S. 28-24, that an "administrator *cum testamento annexo* must observe the will"; that "whenever letters of administration with the will annexed are issued, the will must be observed and performed by such administrator, both with respect to real and personal property"; that "such administrator has all the rights and powers, discretionary or otherwise, unless a contrary intent clearly appears from the will, and is subject to the same duties as if he had been named executor in the will." These provisions are incorporated in an amendment, 1945 Session Laws, Chapter 162, rewriting the old statute G.S. 28-24, and repealing all laws and clauses of laws in conflict therewith effective on ratification 10 February, 1945.

And the general rule is that after an executor or administrator is appointed and qualified as such, his authority to represent the estate continues until the estate is fully settled, unless terminated by his death, or resignation, or by his removal in some mode prescribed by statute, or unless the letters be revoked in a manner provided by law. See *Edwards v. McLawhorn*, 218 N.C. 543, 11 S.E. 2d 562.

In the *Edwards v. McLawhorn* case the Court cites and quotes with approval from *Johnston v. Schwenck*, Ohio St. 124 N.E. 61, 8 A.L.R. 170, the following: "It is the universal holding that the authority of an executor or administrator to represent the estate continues

until the estate is fully settled, unless he is removed, dies, or resigns, and that the filing of what purports to be a final account does not extinguish the trust." Indeed, in the case *Weyer v. Watt*, 48 Ohio St. 545, 28 N.E. 670, it was held that an order by the court directing that the administrator be discharged, made at the time of the filing of a final account, does not terminate his authority if assets of the estate remain unadministered. Indeed, until the debts have been paid, the duties and obligations of the administrator continue. *Creech v. Wilder*, 212 N.C. 162, 193 S.E. 281.

Moreover it is provided by statute G.S. 28-147 that "In addition to the remedy by special proceeding, actions against executors, administrators, collectors and guardians may be brought originally to the Superior Court at term time." *Davis v. Davis*, 246 N.C. 307, 98 S.E. 2d 318. "And in all such cases it is competent for the court in which said actions are pending to order an account to be taken by such person or persons as said court may designate, and to adjudge the application or distribution of the fund ascertained, or to grant other relief as the nature of the case may require." *Casualty Co. v. Lawing*, 223 N.C. 8, 25 S.E. 2d 183.

It now appears from the record and case on appeal that plaintiffs here assert claim against the estate of Harry E. Poulos which if established will constitute a debt of said estate, and funds are in the hands of the Clerk, as shown in return to writ of *certiorari*, which would indicate that factually the estate has not been settled, and that the duty devolves upon the defendant as administrator c.t.a. d.b.n., to perform his duty as such.

However it appears that the Clerk of Superior Court made an order of discharge of defendant. This order is subject to being set aside on motion in the cause, and this proceeding may be treated as such motion. *Craddock v. Brinkley*, 177 N.C. 124, 98 S.E. 280. Then the way would be open to plaintiffs to assert claim against the administrator of the estate.

It may be that the court below may find it expedient to allow amendment to allege facts to fit the factual situation in hand. And pending decision the court should retain the fund *in custodia legis*.

The cause will be remanded to the end that further proceedings may be had in accordance with law.

Error and remanded.