HAZEL B. BRENKWORTH AND HUSBAND THEODORE A. BRENKWORTH v. LILA K. LANIER, WIDOW; RUBY K. BRINSON AND HUSBAND, JESSIE F. BRINSON; MINA B. KENNEDY, WIDOW; JOHNNYE K. HUNTER AND HUSBAND, PAUL HUNTER; JAMES RAYBURN KENNEDY AND WIFE, DOROTHY B. KENNEDY; PATSY RUTH K. QUINN AND HUSBAND, CLIFTON QUINN; BOBBY LOWELL KENNEDY AND WIFE, NAOMI C. KENNEDY; SALLY JOE K. HOUSTON AND HUSBAND, LAUREN HOUSTON; WILLIAM E. CRAFT, GUARDIAN AD LITEM FOR GORDON BENNETT KENNEDY, JR., AND WIFE, MARIE ELMORE KENNEDY, AND GEORGE EDWARD KENNEDY, MINORS.

(Filed 9 October 1963.)

1. Partition § 9—

The sale pursuant to the decree does not terminate a partition proceeding since the proceeding remains pending until the proceeds of the sale have been distributed, and therefore a motion in the cause and not an independent action for a declaratory judgment is the proper procedure to present conflicting claims as to the proper distribution of the fund, but, the parties being the same, the independent action may be treated as a motion in the cause.

**2. Appeal and Error § 38—**

A question raised by assignments of error but not discussed in the brief is deemed abandoned.

**3. Dower § 3—**

The widow of an heir is not entitled to dower in the heir's share of the proceeds of sale for partition of the dower estate of the heir's mother.

**4. Dower § 8; Partition § 9—**

Under the 1943 amendment to G.S. 8-47 the interest rate of 6 per cent must be used in computing the present cash value of the widow's dower in the distribution of the proceeds of sale of the dower estate for partition between the widow and the heirs at law.

APPEAL by defendants from *Hubbard*, J., in Chambers in DUPLIN on 18 July 1963.

The parties seek by this action a judgment fixing the manner in which a fund, now in the hands of the clerk of the Superior Court of Duplin County, shall be disbursed.

Hobart A. Kennedy died intestate on 15 December 1950. He left as his heirs and distributees his widow, plaintiff Hazel (hereafter plaintiff), who has since married Theodore A. Brenkworth, a sister Lila K. Lanier, a sister Ruby K. Brinson, wife of J. F. Brinson, the three children of his deceased brother Gordon B. Kennedy, viz. Sally Jo Houston, wife of Lauren Houston, Gordon Bennett Kennedy, Jr., husband of Marie E. Kennedy, George E. Kennedy; and a brother, J. G. Kennedy, who died 2 July 1958, leaving a widow, Mina B. Kennedy, and four children, viz. Johnnye K. Hunter, wife of Paul Hunter, James Rayburn Kennedy, husband of Dorothy B. Kennedy, Patsy Ruth K. Quinn, wife of Clifton Quinn, and Bobby Lowell Kennedy, husband of Naomi C. Kennedy.

In 1951 the heirs of Hobart A. Kennedy filed a petition in the Superior Court of Duplin County to have plaintiff's dower allotted. On 9 January 1953 the commissioners appointed to lay off the widow's dower filed their report containing a specific description of the lands allotted the widow as dower. This report was confirmed 19 January 1953.

In November 1962 plaintiffs in the present action, with the joinder of some of present defendants, instituted a special proceeding in Duplin County against the remaining present defendants seeking a sale for partition of the lands allotted plaintiff as her dower. A sale was directed and made by commissioners appointed by the court. The sale was confirmed. On 26 February 1963 the commissioners delivered deeds to the purchasers and collected the purchase price,

$35,500. This sum was paid to the clerk of the Superior Court pending a determination of the proper manner of distribution.

Plaintiff, in her complaint, alleges she is entitled to the present cash value of an annuity computed at 6% for her life expectancy; that Mina Kennedy, widow of J. G. Kennedy, is not entitled to participate in the distributon of the fund.

Defendants, other than the guardian ad litem, filed a joint answer. They conceded plaintiff was entitled to the present cash value of an annuity for her life expectancy but asserted it should be computed at 4½% rather than at 6% as claimed by plaintiff; they also asserted Mina Kennedy, widow of J. G. Kennedy, was entitled to claim dower in one-fourth of the fund.

The parties stipulated plaintiff's age and agreed that her life expectancy should be ascertained by the use of the table appearing in G.S. 8-46.

Judge Hubbard concluded as a matter of law on the facts stipulated and admitted in the pleadings that Mina Kennedy was not entitled to dower, that plaintiff was entitled to have the present cash value of her annuity computed on the basis of 6%. Defendants excepted to the judgment and appealed.

*Henry L. Stevens, III, for plaintiff appellees.*
*Russell J. Lanier for defendant appellants.*

RODMAN, J. The special proceeding begun in 1962 for a sale for partition and distribution of the proceeds among the parties in the proportions to which they were entitled did not terminate by the sale and the collection of the proceeds. The proper procedure to secure a distribution of the fund was by motion in the cause, not by an independent action for a declaratory judgment; but since the action was begun in the Superior Court of Duplin County where the proceeding to sell was instituted and then pending, and the parties to this action are the identical parties to that proceeding, though not arranged in the order in which they appeared in the special proceeding, this action may be and is treated as a motion in the proceeding to sell for partition. *In re Will of Cox,* 254 N.C. 90, 118 S.E. 2d 17; *Mitchell v. Downs,* 252 N.C. 430, 113 S.E. 2d 892; *Beck v. Voncannon,* 237 N.C. 707, 75 S.E. 2d 895; *Simmons v. Simmons,* 228 N.C. 233, 45 S.E. 2d 124; *Craddock v. Brinkley,* 177 N.C. 125, 98 S.E. 280.

Defendants, including Mina B. Kennedy, widow of J. G. Kennedy, filed a brief presenting this single question: What rate of interest shall be used in computing the value of plaintiff's interest in the fund

derived from the sale? The single question propounded for decision is an abandonment of any question relating to the right of Mina Kennedy, asserted in the answer and denied by the judgment, to participate in the distribution of the fund. *Johnson v. Bass,* 256 N.C. 716, 125 S.E. 2d 19; *Little v. Brake Co.,* 255 N.C. 451, 121 S.E. 2d 889; *Cotton Mills v. Local,* 251 N.C. 413, 111 S.E. 2d 529. This abandonment of the asserted right is a proper recognition of established law. *In re Will of Smith,* 249 N.C. 563, 107 S.E. 2d 89; *Jones v. Whichard,* 163 N.C. 241, 79 S.E. 503; *Thomas v. Bunch,* 158 N.C. 175, 73 S.E. 899; *Redding v. Vogt,* 140 N.C. 562; *Houston v. Smith,* 88 N.C. 312.

The pertinent part of the statute, G.S. 8-47, prescribing the method of computing the present cash value of annuities reads as follows: "When a person is entitled to the use of a sum of money for life, or for a given time, the interest thereon for one year, computed at four and one-half per cent, may be considered as an annuity and the present cash value be ascertained as herein provided: Provided, the interest rate in computing the present cash value of dower shall be six per cent." This was the statute law of this state on 15 December 1950 when plaintiff became a widow, in 1953 when her dower was allotted, in 1962 when commissioners were authorized to sell the lands allotted to her as dower, and in 1963 when the sale was consummated.

The statute prescribing the manner of computing the value of annuities originated with c. 347, P.L. 1905. That statute did not fix the rate of interest. It merely said: "The interest thereon for one year may be considered as an annuity." The statute, enacted in 1905, was in effect until 1927, Rev. 1627 and C.S. 1791, when the Legislature, by c. 215, P.L. 1927, amended the statute, fixing the rate of interest at 4½%. That act made no distinction between life estates created by grant or testament and the special life estate given a woman by law when she and a man become husband and wife.

In 1943 the Legislature, engaged in reviewing the proposed codification of our statutory law, noted the seeming conflict between G.S. 8-47, fixing 4½% as the rate of interest to be used in computing an annuity, and G.S. 28-81, fixing 6% as the proper rate when the husband's land was sold to pay debts, and G.S. 46-15, which likewise fixed 6% as the proper rate for use in partition proceedings. To correct the inconsistency it enacted c. 543, which added the proviso at the end of G.S. 8-47.

By the specific language of the proviso plaintiff is entitled to have her annunity computed at 6% when her dower is sold.

Defendants argue the proviso added in 1943 does not apply because plaintiff's dower terminated when a specific area was allotted to her for lfe. The argument is fallacious. Dower is an estate for life in one-third of the lands of which the husband is seized and possessed in fee. G.S. 30-5.

The right to dower is inchoate or contingent until the husband's death. *Blower Co. v. MacKenzie,* 197 N.C. 152, 147 S.E. 829. The right to have her estate set apart to her is consummate or vested upon the death of the husband. *Trust Co. v. White,* 215 N.C. 565, 2 S.E. 2d 568. It is still a chose in action. Dower may be assigned by agreement with the heirs, G.S. 30-11, or allotted by court, G.S. 30-13. When allotted, it ceases to be a mere chose in action and becomes an estate, her dower. *Vannoy v. Green,* 206 N.C. 77, 173 S.E. 277; *Malone v. Conn,* 23 S.W. 677; *McNeer v. McNeer,* 32 N.E. 681.

In *Smith v. Smith,* 223 N.C. 433, relied on by defendants to support their contention that the annuity should be computed at 4½% there had been allotted to the widow as her dower a part of a hotel and furniture incident to use thereof. The hotel and the furniture were subject to a mortgage given to pay debts of her husband's estate. The property was insured against damage by fire. The policy contained a provision making the loss payable to the mortgagee as its interest might appear. The hotel and furniture were burned 21 December 1942. The fire insurance company recognized its liability and settled the loss on 12 February 1943. One of the questions decided by this Court on the appeal was the proper rate of interest to use in computing the value of the widow's estate. Winborne, J. (later C.J.), writing for the Court, held the widow was not entitled to have the cash value of her dower computed on an annuity determined by using 6%. He quoted the statute without the proviso added by the 1943 Legislature as determinative of the rights of the parties.

Manifestly the conclusion there reached was correct because the proviso added by c. 543, S.L. 1943, was not applicable to causes arising prior to the date of its ratification, 6 March 1943. It was not suggested that the statute could have a retroactive effect.

We find no error in the judgment. The costs of the appeal will be paid from the funds in the hands of the clerk of the Superior Court in conformity with the stipulation of the parties.

No error.