GEORGE ALMER HARRIS AND HENDERSON LOAN & REAL ESTATE COMPANY v. ISABELLA CARTER AND W. T. CARTER, HER HUSBAND; EMMA CARTER AND J. R. CARTER, HER HUSBAND, AND LANDIS MOTOR COMPANY.

(Filed 18 March, 1925.)

Judgments—Consent—Boundaries—Estoppel—Roads—Highways.

> In a suit to correct a deed for mutual mistake, a judgment was entered, by the consent of the parties, fixing one of the boundaries to the land as a certain public highway, which road was later changed by the State and county authorities so as to leave a strip of land between the old and the new road, upon which the plaintiff built a house and made certain other improvements, the value of which would be impaired by the discontinuance of the old road as an outlet to the new one: *Held,* the defendants are equitably estopped from obstructing the old road and denying the old road as a boundary to their lands, the doctrine applying only as to the parties and privies to the former suit.

APPEAL by defendants from *Bond, J.,* at Fall Term, 1924, of VANCE. On 11 February, 1889, John W. Vaughan conveyed to Robert Crozier

whose only heirs are the *feme* defendants, a lot described as follows:
"Begin at a stone, William Finch's corner, on west side of the railroad,
and run along railroad S. 27½ W. 200 feet to a stone; then N. 62½
W. 258 feet to a stone; then N. 27½ E. 67 feet to a stone in Kittrell's
line; thence E. 290 feet to the beginning."

On 1 October, 1891, Robert Crozier and wife executed a deed for said
lot to George H. Harris, father of the plaintiff George Almer Harris,
but in a suit instituted in the Superior Court of Vance County in
1907, by the heirs at law of George H. Harris against the heirs at law
of Robert Crozier this deed was reformed and it was adjudged and
decreed by consent that the incorporation in the descriptive part of
the deed from Robert Crozier and wife to George A. Harris dated
1 October, 1891, of boundaries that include any land on the west side of
the said county road was the result of a mutual mistake of the parties
thereto and of the draftsman thereof, and the same was reformed, cor-
rected, and limited to a conveyance of only so much and such part of
said land as lies between and is bounded by the right of way of the
Raleigh and Gaston Railroad, the county road leading from Henderson
to Middleburg, and the land owned in 1891 by Allgood.

The defendants introduced a deed from John W. Vaughan to Mrs.
D. Y. Cooper, dated 25 January, 1882; a deed from D. Y. Cooper
and wife to W. N. Ellington dated 7 April, 1884; and a deed from
Ellington to Robert Crozier, dated 13 June, 1893, each conveying an-
other lot adjoining Crozier's.

There was evidence tending to show that on the lot were a dwelling
and a storehouse fronting the main street toward town, and that the
plaintiff had been in possession of the lot for seventeen years. The
lot at the north end fronts on the State highway, but it is necessary
to use the old road or the railroad right of way to get to the new road
in the other direction.

The old road was widened on the west side in 1912, by order of the
county commissioners and on 6 June, 1921, they made the following
entry on their minutes: "On motion duly seconded, we accept the
highway, without any changes, so far as Vance County is concerned,
entering the county at Tar River Bridge, passing through Henderson
to the Warren County line, as per map exhibited. Also the following
notice given: N. C. Highway Commission, Raleigh, N. C., Dear Sirs: We
the Board of County Commissioners of Vance County, in regular session,
this the 6 June, 1921, approve the system of highway for Vance County
as authorized by the map posted by you at the courthouse door here
4 May, and respectfully ask that you take over these roads at your
earliest convenience."

The engineer of the Highway Commission testified: "As far as we were concerned the road was closed when we opened the new road . . . It was stated that the old road was covered by a deed owned by the Carters, and Mr. Rodgers, the claim engineer, told the Carters and their attorney, Mr. Hicks, that the old road went back to the original property owner, as the State would not use it any more and the Carters claimed that they were the property owners. This was considered an asset going to them in reducing the amount they claimed. . . . We did not attempt to pass on any one's title—we just said the road went back to the original owners. . . . There is no direct communication between the store and the new road except over the old road. Not all the front of the Harris property is cut off from the new road. The front of the store is cut off but I am not certain about the dwelling."

There was evidence that the value of the plaintiff's lot would have been reduced one-half or more if the road had been closed up.

On 18 September, 1923, the defendants leased the strip between the new highway and the plaintiffs' land to the Landis Motor Company as a filling station site including a part of the old road; and the action is prosecuted to restrain the erection of such station.

*R. S. McCoin, J. H. Bridgers and Thomas M. Pittman for plaintiffs.*
*Hicks & Son and Perry & Kittrell for defendants.*

ADAMS, J. Robert Crozier, father of the defendants, acquired title to the lot in question on 11 January, 1880. The county road, represented on the plat as the "old road," extended through this lot; and it appears from the decree reforming the deed executed by Crozier to George H. Harris that the lot conveyed to Harris lies between and is bounded by the railroad's right of way, the county road, and the land owned by Allgood. It will be noted that the county road—"the old road"—is thus made one of the boundary lines of the plaintiff's lot. It does not definitely appear when this road was established, but the public acquired an easement in it and in the absence of evidence to the contrary we assume that the title in fee remained as it was before the road was opened and rests finally in the defendants. The general rule is that when the owner of land lying on both sides of a public road conveys the land on one side the boundary is the line extending along the middle of the road, but the rule must be applied in the light of the intention of the parties. It is not necessary to determine the question of intention in this instance. If the defendants are concluded by a legal appropriation of the land covered by the old road they have no right to interfere with the plaintiff's reasonable use of his property.

The old road extended over land conveyed by Vaughan to Crozier in 1880 and was used as a public road from that time until the date of the change made by the Highway Commission in 1922. The method by which the easement was originally acquired—whether by dedication or the exercise of the power of eminent domain—is not clearly disclosed by the record. In any event the defendants contend that the old road has been abandoned and that the defendants as the owners of the fee may appropriate the road to their own use.

Summarized, the argument of the defendants is this: the alteration of the public road by the construction of a part of it in a different place where it will serve the same purpose was to this extent a discontinuance of the old road; that the road was taken over by the Highway Commission and altered; and that this was an implied vacation or discontinuance of the old road.

We fail to find in the record any express order vacating the old road. Certainly the conversation of the engineer with the defendants cannot be construed as an order of the commission for whom he was at work. It was at most a mere expression of his opinion, for he stated that he did not attempt to determine the question of title. And the minutes of the county commissioners, offered in evidence, were simply an approval of the highway system for Vance County, entered of record before the roads were actually taken over.

The defendants cite 37 Cyc., 174; 15 A. & E., 404; *Bradberry v. Walton,* 94 Ky., 167, as authority for the position that the alteration of an existing road operates as a discontinuance of such portions of the old road as are not embraced within the limits fixed for the new one. An examination of the authorities has failed to disclose any decision to this effect under facts similar to those in the record before us. Neither secs. 3846 and 3846j nor *Honeycutt v. Comrs.,* 182 N. C., 321, is decisive as to this position.

We deem it unnecessary, however, definitely to pass upon this point, for there is another principle by which the controversy may be determined. Dedication may be established against the owner of the soil by showing that he has sold lots describing them as bounded by a street or road. The authorities to this effect are numerous. 1 Elliott on Roads and Streets, 3 ed., sec. 128, and cases cited; *Herold v. Investment Co.,* 14 L. R. A. (N. S.), 1067; *Douglass v. Land Co.,* 37 L. R. A. (N. S.), 953, and note; *Green v. Miller,* 161 N. C., 25; *Haggard v. Mitchell,* 180 N. C., 255.

True, such dedication may be found most frequently in case of streets, parks, and other open spaces within municipal corporations; but the underlying principle is that of common law dedication operating by way of estoppel in *pais* rather than by grant. 1 Elliott, *supra,* sec. 125.

The lot in suit is outside the corporate limits but adjacent thereto and the old road is a continuation of the main street of the city. The principle upon which we base our decision is that of equitable estoppel.

The deed from Robert Crozier to George H. Harris conveyed through mistake the entire lot described in the deed from Vaughan to Crozier. In 1907, the mistake was corrected by a decree of the Superior Court, in which by consent of parties it was adjudged and decreed that the defendant Isabella Carter was the owner of so much of said land as was situated on the west side of the old road and that the conveyance to Harris should be limited to such part of the lot as was bounded by the railroad right of way, the old county road, and the land owned by Allgood. We do not say that the conveyance of the lot to Harris, in which it is described as bounded by the road necessarily constitutes a common law dedication; but we are of opinion that by virtue of the consent decree, the boundary of the defendants' lot and of the lot conveyed to George H. Harris, and the buildings erected and the business conducted there, the defendants are equitably estopped from obstructing the old road and thereby seriously impairing the value of the plaintiff's lot and interfering with the business conducted thereon.

It is important to remember that the controversy is confined to the parties plaintiff and defendant. Apparently the public is not interested. Neither the Highway Commission nor the board of county commissioners is a party. We conclude only the parties and those in privity with them.

We find

No error.