This was a proceeding brought and heard on appeal in the Superior Court before the clerk for partition of land. David E. Thomas, Sr., died 27 January, 1925, leaving a widow, Emma C. Thomas, and the following children: Guy M. Thomas, Ethel Thomas Porter, Jessie Fogle, the petitioners, and Dorothy Thomas Conyers, Mary Belle Thomas Petty, and David E. Thomas, Jr. In January, 1920, and prior thereto, David E. Thomas, Sr., joined by his wife, Emma C. Thomas, executed fourteen deeds of gift whereby he attempted to convey to his several children certain tracts or lots of land which he owned. The name of each grantee and the description of each lot are set out in the petition. Certain of the deeds purport to convey lots with limitations over to contingent remaindermen, including grandchildren who were represented by a guardian ad litem. Neither one of these deeds was delivered to the grantee during the lifetime of David E. Thomas, Sr., but all were kept in a lock box in a bank in Greensboro. David E. Thomas made a will, and a few days after his death Emma C. Thomas and Dorothy Conyers, his executrices, filed all the deeds for record in the office of the register of deeds and took them from the office after registration and delivered or mailed them to the several grantees. The widow and the children received these deeds and went into possession of the respective tracts or lots therein described and immediately began to collect rent from the tenants; that is, the widow and D. E. Thomas, Jr., collected rent from several store buildings on the land described in the deed from David E. Thomas to Emma Thomas, without objection by any of the other children until 9 February, 1928, when Emma Thomas made a deed to D. E. Thomas, Jr., who since that time has collected the rent without objection. *Page 231 
Each of the children of said David E. Thomas, except D. E. Thomas, Jr., was given one vacant lot each in fee simple, together with improved real property with limitations similar to those in the deed to D. E. Thomas, Jr., which vacant lots and improved real property were taken by the respective grantees under deeds which were received by the respective grantees more than two years after the date and execution thereof. The said Jessie Thomas Fogle and husband have sold and conveyed the vacant lot which she took under one of said deeds to Richardson Realty, Inc., the deed by which said land was conveyed being recorded.
The defendant, Mary Belle Thomas Petty, has likewise conveyed her vacant lot by deed to Richardson Realty, Inc., dated 14 June, 1926. The petitioner, Guy Monroe Thomas, has conveyed his vacant lot to said Dorothy Conyers by deed dated 2 June, 1924; said Dorothy Conyers in turn has conveyed said lot to C. C. Hudson by deed, and said Hudson has conveyed the same to Richardson Realty, Inc., by a subsequent deed. All of said deeds contained full covenants of seizin and warranty. On 17 March, 1924, Ethel Thomas Porter executed a written lease on the store building on the property which she took under one of said deeds from D. E. Thomas to Ferguson and Grosbayne for one year from 1 April, 1924, at a rental of $540, with an option for renewal for another year.
Ethel Thomas Porter also gave Richardson Realty, Inc., an option upon the vacant lot embraced in one of the deeds executed to her by D. E. Thomas, but said option was not exercised and said property was not purchased under said option by the optionee.
All the children of said D. E. Thomas have since his death treated as their own the respective parcels of land described in the said deeds, have paid taxes on said respective parcels of land, have collected rents from said respective parcels, have conveyed the respective parcels herein set out, and prior to this proceeding asserted no interest in and made no claim to the other tracts or parcels held by the other children and heirs at law of said D. E. Thomas, deceased.
In the year 1927 the said Dorothy Conyers Thomas instituted and prosecuted to a conclusion a proceeding in the Superior Court of Guilford County, in which all of the other children of D. E. Thomas were parties, setting out that one of the tracts of land conveyed to her was her property in fee (subject to contingencies provided in said deed), which proceeding was for the purpose of obtaining permission from the court to apply to repairs and improvements upon said property a sum of money allowed by appraisers for the taking of a strip from the front of her said lot by the city of Greensboro under condemnation proceedings for the widening of Davie Street. In her verified complaint she alleged *Page 232 
that she was the owner of said property, and that she acquired title thereto under deed from D. E. Thomas, dated 3 January, 1920.
In the year 1927 the said Guy Monroe Thomas instituted and prosecuted to a conclusion a proceeding in the Superior Court of Guilford County, in which all of the other children of D. E. Thomas were parties, setting out that one of the tracts of land conveyed to him by one of the deeds was his property in fee (subject to contingencies provided in said deed), which proceeding was for the purpose of obtaining permission from the court to apply to repairs and improvements upon said property a sum of money allowed by appraisers for the taking of a strip from the front of his said lot by the city of Greensboro under condemnation proceedings for the widening of Davie Street. In his verified complaint filed in said proceeding, he alleged that he was the owner of said property as aforesaid and that he acquired title thereto under deed from D. E. Thomas, dated 3 January, 1920.
The executrices named in the will of D. E. Thomas, namely, Dorothy Thomas Conyers (or Hayden) and Emma C. Thomas, duly qualified as such, and sold the lands mentioned in said will and distributed the proceeds as provided by the terms of said will. The executrices treated said deeds as a partition of the lands of the said D. E. Thomas as among his children, and did not undertake to sell the same under the power of sale or divide the proceeds according to the residuary clause of said will. The devisees and legatees in the residuary clause of said will are the six children of said D. E. Thomas. These were all the children of said D. E. Thomas living at his death, and no child of his had died before his death, leaving a child or children surviving. The executrices have paid all debts, all inheritance taxes, all the State taxes, all other claims and demands against the estate of the said D. E. Thomas, and have filed their final account and have been discharged. Under the will of D. E. Thomas they sold real estate other than that described in the deeds heretofore mentioned and distributed the net proceeds thereof to the six children of D. E. Thomas, as set out in the record.
The final account showing said distribution was filed in the office of the clerk of the Superior Court of Guilford County, North Carolina, on 27 August, 1924, and recorded. Checks in full were mailed to each of said respective children, together with a copy of said final account, and received by them, and none of said children filed exceptions to said final account, nor did they otherwise make any objection to the sale under the residuary clause of the will only of the real estate not embraced in the deeds.
On or about 9 February, 1928, Emma Thomas, Executed and delivered to David E. Thomas, Jr., a deed for all her right, title and interest in and to the lands described in deed recorded in Book 570, page 324. *Page 233 
During the year 1927 David E. Thomas, Jr., having found that taxes, assessments, water rents and repairs were consuming practically all of the income from said property described in the deed from his father to him, instituted a special proceeding in the Superior Court of Guilford County for the sale of the lands described in said deed; all of the children of D. E. Thomas, Sr., and the husbands and wives of such of them as were married, said children being the same persons as the heirs at law of said D. E. Thomas, Sr., at his death, and the same persons who were devisees and legatees in the residuary clause of the will of the said D. E. Thomas, Sr., were made parties defendant in said proceeding. Other parties defendant to said proceeding were the grandchildren of D. E. Thomas, Sr., then in esse, and a guardian ad litem was appointed to represent said minors and the persons not in esse, and said guardian was personally served with summons and filed answer, and said minors, all being nonresidents, were served by publication.
At the sale under said proceeding, D. E. Thomas, Jr., became the last and highest bidder at public auction for said property and a deed was made to him by R. M. Robinson, commissioner, and has been duly recorded. By mistake and inadvertence, the deed from D. E. Thomas, Sr., to the defendant D. E. Thomas, Jr., recorded in the office of the register of deeds of Guilford County in Book 410, page 34, fixes the beginning point in the description of the property therein conveyed at the northeast corner of the intersection of South Davie and Sycamore streets, whereas, in truth and in fact the true beginning point is at the southwest corner of the intersection of South Davie and Sycamore streets, and a frontage of 115 feet is called for on Davie Street, whereas in truth and in fact said frontage is 109 feet.
It is admitted that in the proceeding entitled "David E. Thomas, Jr., v. Guy Monroe Thomas et al.," the present defendant, David E. Thomas, Jr., paid into court in said action the sum of $8,072.60 as the value, as found by the court, of the interest of contingent remaindermen in and to the tract of land involved in said proceeding.
D. E. Thomas, Sr., did not devise or attempt to devise in his last will and testament the lands conveyed to his children and his widow described in the petition in this cause, but considered that he had already given the same to his widow and children respectively by the deeds referred to in the petition.
Upon the facts set out in the record it was adjudged that the error in the deed from D. E. Thomas, Sr., to D. E. Thomas, Jr., be corrected; and further: (1) That the deeds executed by D. E. Thomas and his wife and left in the bank were void (a) because they were not delivered during the lifetime of D. E. Thomas, Sr., and (b) because, being deeds of gift, they were not recorded within two years after their execution. *Page 234 
(2) That D. E. Thomas, Sr., intended to make a partition among his children of the lands described in these deeds. (3) That the deeds constituted a parol partition of the grantor's land, which the children by their conduct accepted, ratified and confirmed, the ownership of each tract being specifically set out. (4) That the clerk pay to D. E. Thomas, Jr., $8,072.60, with interest from 5 March, 1928. The petitioners excepted and appealed. The appeal of the widow and guardian ad litem was not prosecuted.
The adjudication that the deeds deposited in the bank are void accords with the contention of the plaintiffs, and the defendants did not appeal. Furthermore, the adjudication is amply supported by former decisions of this Court. Tarlton v. Griggs, 131 N.C. 216; Perry v. Hackney, 142 N.C. 368;Booth v. Hairston, 193 N.C. 278. But the decisive question is whether in this situation the plaintiffs are entitled to the relief they seek. They are not, if in contemplation of law they are precluded from claiming title to the tracts or lots of land which are in possession of the other parties; and they are precluded if they are equitably estopped — if they are barred from asserting title by such conduct as would render their present assertion obviously unjust.
There is a distinction between equitable estoppel and estoppels at common law. The latter include estoppel by record, estoppel by deed, and certain cases of estoppel in pais which are recognized in courts of law. Equitable estoppel in pais owes its origin and development to the notion of justice promulgated by courts of chancery. It embraces estoppel by conduct which rests upon the necessity of compelling the observance of good faith. Bispham's Prin. Eq., sec. 281 et seq. "This estoppel arises when any one, by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist, and such other rightfully relies and acts on such believe, so that he will be prejudiced if the former is permitted to deny the existence of such facts." Boddie v. Bond,154 N.C. 359, 365.
It is true that a parol partition of land is voidable. Collier v. PaperCorporation, 172 N.C. 74. It is likewise true that one who accepts a deed is bound by its terms and conditions. Fort v. Allen, 110 N.C. 183.
That the foregoing principles were applied in the present case may be seen by reference to the following paragraph in the judgment: "Although *Page 235 
these deeds were void, the fact that they were paper writings definitely describing the respective tracts of land therein set out by metes and bounds, taken together with the acts and conduct of the grantees named therein relative to the tracts described in said deeds, constituted a parol partition of the lands of D. E. Thomas, Sr., among his six children, and the said children, by reason of their accepting and retaining the said deeds, after the registration thereof by the executrices, and by reason of their taking possession of the parcels or tracts of land described in the respective deeds to them, paying taxes on said respective tracts or parcels of land, renting, leasing and collecting rents from said respective tracts or parcels of land, by selling and conveying some of the said parcels thus allotted to them, and by giving options thereon, and by doing the other acts and things set out in the agreed statement of facts, have thereby adopted, affirmed, ratified and acquiesced in the said parol partition, and have each and all mutually estopped themselves from claiming any of the said tracts or parcels of land described in any of the said deeds in which any of the other children were named as grantees."
The doctrine of equitable estoppel is entirely distinct from the presumption of an ouster created by adverse possession for a period of twenty years. The judgment is
Affirmed.