MARY LOU WHEELER v. RAYMOND W. WHEELER

No. 7826DC276

(Filed 20 February 1979)

**1. Contracts § 18— alteration of contract—consideration**

  In order for an alteration of a contract to be enforceable, there must be either an express or implied agreement between the parties that the terms of the contract should be altered, and generally such an agreement must be supported by consideration.

**2. Contracts § 18; Estoppel § 4— alteration of contract—estoppel in pais**

  The principle of estoppel *in pais* is an equitable device which permits an express or implied agreement altering the terms of a contract to be enforced even though not supported by consideration.

**3. Contracts § 18; Divorce and Alimony § 25.12; Husband and Wife § 12.1— separation agreement—waiver of visitation rights—estoppel in pais—instructions**

  In an action for breach of a separation agreement, the trial court erred in instructing the jury that it should find a waiver by defendant of his visitation

Wheeler v. Wheeler

rights under the agreement if it found that he intentionally surrendered those rights, since the court should have instructed the jury that, in order to find that defendant had waived his visitation rights under the agreement, it must find either that defendant's acts, representations or silence induced plaintiff to believe that defendant had surrendered his visitation rights and that plaintiff relied on that belief to her detriment or that defendant's express or implied agreement to surrender his visitation rights was supported by consideration.

APPEAL by defendant from *Brown, Judge.* Judgment entered 8 December 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 12 January 1979.

The plaintiff instituted this action on 8 October 1975 by filing a complaint for breach of contract against the defendant. The contract which the plaintiff alleged had been breached by the defendant was a written separation agreement entered into by the two parties on 13 June 1956. The separation agreement provided that the plaintiff should receive primary custody of the parties' three children, alimony in the amount of $400 per month and child support of $50 per month per child. In return, the defendant was to have certain specified visitation rights.

The plaintiff alleged that the defendant had breached the agreement by failing to make the required alimony payments. The defendant answered alleging that the breach was justified because the plaintiff had previously violated the agreement by refusing to allow him to exercise the visitation rights provided him therein. In rebuttal, the plaintiff asserted that the defendant had waived those visitation rights.

At trial, the jury found that the plaintiff had breached the separation agreement. Presumably this finding was based upon the jury's determination that she had denied the defendant his visitation rights. The jury additionally found, however, that the defendant had waived his rights to visitation guaranteed by the agreement. Upon the resolution of those two issues and the stipulation of the parties as to damages, the trial court entered judgment for the plaintiff in the amount of $11,200. The defendant appealed.

*Charles T. Myers for plaintiff appellee.*

*Ernest S. DeLaney, Jr. for defendant appellant.*

MITCHELL, Judge.

The defendant assigns as error the trial court's instructions to the jury concerning the issue of his waiver. The trial court instructed the jury that they were to find that there had been a waiver by the defendant if they found that he had intentionally surrendered his visitation rights accorded to him under the separation agreement. The defendant contends that such mere surrender of rights by him would be insufficient to constitute a waiver of the plaintiff's breach of the contract by denying him his rights to visitation.

"Waiver" is sometimes defined as the intentional and voluntary relinquishment of a known right. *Luther v. Luther*, 234 N.C. 429, 67 S.E. 2d 345 (1951). This definition is adequate in describing certain types of waivers such as a waiver of the right to have the assistance of counsel at a criminal proceeding or the waiver of the right to trial by jury. However, there must be more than a mere intentional and voluntary relinquishment of a known right in order for there to be a waiver of a right based in contract.

[1]  In order for an alteration to a contract to be enforceable, there must be either an express or implied agreement between the parties that the terms of the contract should be altered. *See Klein v. Insurance Co.*, 289 N.C. 63, 220 S.E. 2d 595 (1975). Generally, an agreement to alter the terms of the contract is treated as any other contract and must be supported by consideration. *See Hospital v. Stancil*, 263 N.C. 630, 139 S.E. 2d 901 (1965).

[2]  On the other hand, express or implied agreements not supported by consideration are enforceable in some instances on equitable grounds. The principle of estoppel *in pais* is one such equitable device which permits an express or implied agreement altering the terms of the contract to be enforced even though not supported by consideration. Estoppel *in pais* serves as a bar to a party's assertion that the agreement to alter the terms of a contract lacks consideration:

> [W]hen any one, by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist, and such other rightfully relies and acts on

such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts.

*Boddie v. Bond*, 154 N.C. 359, 365, 70 S.E. 824, 826 (1911). *Accord: Matthieu v. Gas Co.*, 269 N.C. 212, 152 S.E. 2d 336 (1967); *In re Covington's Will*, 252 N.C. 546, 114 S.E. 2d 257 (1960); *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E. 2d 745 (1955); *Hawkins v. Finance Corp.*, 238 N.C. 174, 77 S.E. 2d 669 (1953); *Long v. Trantham*, 226 N.C. 510, 39 S.E. 2d 384 (1946); *Thomas v. Conyers*, 198 N.C. 229, 151 S.E. 270 (1930); *Bank v. Winder*, 198 N.C. 18, 150 S.E. 489 (1929). *But see Watkins v. Motor Lines*, 279 N.C. 132, 181 S.E. 2d 588 (1971).

[3] In the present case, however, the trial court merely instructed the jury that they were to find a waiver by the defendant of his visitation rights if they found that he intentionally surrendered those rights. Therefore, we find that the trial court's charge failed to give adequate guidance to the jury with regard to the foregoing principles governing the application of the doctrine of estoppel *in pais*. The trial court should have instructed the jury that, in order for the jury to find that the defendant had waived his visitation rights under the separation agreement, the jury must first find either that the defendant's acts, representations or silence induced the plaintiff to believe that the defendant had surrendered his visitation rights and that the plaintiff relied on that belief to her detriment or that the defendant's express or implied agreement to surrender his visitation rights was supported by consideration. As the charge of the trial court did not adequately explain and apply the foregoing principles, it constituted error prejudicial to the defendant which requires that the defendant be granted a

New trial.

Judges MARTIN (Robert M.) and ERWIN concur.