DISCOUNT AUTO MART, INC. v. BANK OF NORTH CAROLINA

No. 7910SC568

(Filed 4 March 1980)

**Uniform Commercial Code § 36— withdrawal against uncollected funds—refusal by bank—prior permission not prospective**

    Each time plaintiff depositor sought to make a withdrawal against uncollected funds, defendant was entitled to choose whether to stand on or waive its right to refuse to allow such withdrawal, and defendant's waiver of that right on earlier occasions did not operate prospectively. G.S. 25-4-201(1) and G.S. 25-4-213(4).

APPEAL by plaintiff from *Bailey, Judge.* Order entered 25 April 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 17 January 1980.

Plaintiff alleges the following: It is in the business of buying and selling motor vehicles. Since it opened a checking account at defendant's Raleigh branch on 1 January 1977, it had been common practice for plaintiff to deposit money in the form of checks drawn on other banks with the defendant and to write checks on these funds immediately. Defendant had always honored plaintiff's checks written thus, even though they were written on uncollected funds. In the early part of April 1978, defendant returned a number of plaintiff's checks, marking them "uncollected funds."

Plaintiff alleges that notwithstanding any legal right defendant may have had to return checks drawn on uncollected funds, defendant had waived this right in plaintiff's case by its previous course of dealings, and that plaintiff had relied upon such dealings. Plaintiff also alleges that its business reputation has been damaged and that it has incurred service charges and penalties as a result of defendant's actions.

Defendant's motion to dismiss for failure to state a claim upon which relief could be granted was allowed, and plaintiff appeals.

*Clifton & Singer, by Ben F. Clifton, Jr., for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by John L. Jernigan, and Carl N. Patterson, Jr., for defendant appellee.*

ARNOLD, Judge.

As a general rule, a bank has the right to refuse to allow a depositor to make withdrawals from his account against uncollected funds. See G.S. 25-4-201(1) and -213(4)(a). Plaintiff here argues that defendant has wavied this right by allowing plaintiff to make such withdrawals over a period of 15 months. Both parties argue about whether the facts here are sufficient to constitute the waiver of a contract right, but there is no indication in this case that any right arose in contract. Rather, the right is controlled by statute, as indicated above, and the traditional definition of waiver is sufficient. See *Wheeler v. Wheeler*, 40 N.C. App. 54, 252 S.E. 2d 106, *cert. granted* 297 N.C. 304, 254 S.E. 2d 917 (1979).

Waiver is defined simply as the intentional relinquishment of a known right. *Green v. P.O.S. of A.*, 242 N.C. 78, 87 S.E. 2d 14 (1955). There is no question that in the period between January 1977 and April 1978, defendant waived its right to limit withdrawal to collected funds in plaintiff's account each time it allowed plaintiff to make a withdrawal against uncollected funds. However, we do not find these waivers to have been prospective as well. Cf. H. Bailey, Brady on Bank Checks, § 17.2 at n. 13 (5th ed. 1979) (bank not required to permit overdrafts though it has previously allowed them for same depositor). Each time plaintiff sought to make a withdrawal against uncollected funds, defendant was entitled to choose whether to stand on or waive its right to refuse to allow such a withdrawal. By returning plaintiff's checks presented for payment in April 1978, defendant made clear its intention not to waive its right on those occasions.

Defendant acted within its rights. Plaintiff has alleged an injury for which there exists no legal remedy. Defendant's Rule 12(b)(6) motion to dismiss was properly granted.

Affirmed.

Judges PARKER and WEBB concur.