RALPH N. BRENNER, JR. v. THE LITTLE RED SCHOOL HOUSE, LIMITED

No. 8118DC1321

(Filed 5 October 1982)

1. **Contracts § 18.1— nonrefundable tuition—promise of refund—modification of contract—consideration**

    In an action to recover tuition paid by plaintiff for the enrollment and teaching of plaintiff's child in defendant's school, an enforceable modification of the provision of the contract prohibiting a tuition refund was created when defendant's headmistress promised to refund to plaintiff the full tuition payment when plaintiff informed her that his former wife would not permit his child to attend the school, since the promise to refund was supported by consideration in that the record showed that plaintiff relinquished the opportunity to have his child educated by the defendant.

2. **Trial § 5— judge's conduct of trial—no prejudicial error**

    Although some of the trial judge's actions and statements were ill-advised in the conduct of a trial involving a contract, there was no evidence that they were outcome determinative so as to constitute error.

3. **Trial § 33— instruction to take the law as judge gives it—no error**

    It was not error for the trial judge to charge the jury that they must take the law as he gave it to them and to add that "what [both counsel] have told you is the law is not the law."

APPEAL by defendant from *Bencini, Judge.* Judgment entered 11 May 1981 in District Court, GUILFORD County. Heard in the Court of Appeals 21 September 1982.

Plaintiff seeks a refund of a $100 confirmation fee and $972 tuition that he paid the defendant on behalf of his son in advance of the 1978-79 school year. The son was in the plaintiff's former wife's custody, and she chose not to enroll him in the defendant school. When plaintiff sought a refund from the defendant, his request was denied and this suit resulted.

In his complaint of 17 July 1979, plaintiff alleged that the contract that he signed with the defendant for the 1978-79 school year was void because of a lack of consideration or for a failure of consideration. As a result, he sought refund of all payments to avoid unjust enrichment of the defendant. He further alleged that defendant's failure to return the money paid in advance amounted to an unlawful trade practice under G.S. 75-1.1, thus entitling him to treble damages.

The contract between the parties provided in pertinent part:

We understand that the tuition is $1,080 per year, payable in advance of the first day of school, no portion refundable. We also understand that upon your approval we may elect to pay tuition in $100 per month installments with interest according to your published schedule, but that such an election does not in anywise modify the stipulation that tuition is payable in advance.

On 5 October 1979, summary judgment in favor of the plaintiff was granted. The Court of Appeals reversed the trial court on 3 June 1980 and remanded for entry of summary judgment in favor of defendant. *Brenner v. School House, Ltd.*, 47 N.C. App. 19, 266 S.E. 2d 728 (1980).

The Supreme Court remanded the case to the trial court for a new trial after reversing the Court of Appeals' holding for the defendant. *Brenner*, 302 N.C. 207, 274 S.E. 2d 206 (1981).

A jury trial on remand resulted in a verdict for the plaintiff in the amount of $972. Defendant gave timely notice of appeal to this Court.

*Wyatt, Early, Harris, Wheeler & Hauser, by A. Doyle Early, Jr., for plaintiff appellee.*

*Max D. Ballinger for defendant appellant.*

ARNOLD, Judge.

Defendant raises fourteen assignments of error on appeal. These alleged errors in essence attack four rulings of the trial court.

[1] Defendant's first argument, in essence, attacks the trial court's reliance on the 1981 Supreme Court opinion in this case.

That opinion found that when the defendant's headmistress agreed to refund the plaintiff's money, a contract modification occurred.

Before a contract modification is effective there must be consideration to support it. *Wheeler v. Wheeler*, 40 N.C. App. 54, 252 S.E. 2d 106 (1979), *rev'd on other grounds*, 299 N.C. 633, 263 S.E. 2d 763 (1980); 17A C.J.S. *Contracts* § 376 (1963). Consideration can be found in benefit to the promisor or detriment to the promisee.

[T]here is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit or not.

*Carolina Helicopter Corp. v. Cutter Realty Co.*, 263 N.C. 139, 147, 139 S.E. 2d 362, 368 (1964), and cases cited therein.

The defendant argues that there was no consideration given by the plaintiff because the plaintiff as promisee suffered no detriment. But as the Supreme Court observed,

[i]n return for the defendant's promise to refund the tuition paid, plaintiff would relinquish his right to have his child educated in defendant school. . . . It is well established that any benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee, is sufficient consideration to support a contract.

302 N.C. at 215, 274 S.E. 2d at 212.

The record shows that plaintiff was relinquishing the opportunity to have his child educated by the defendant when he testified "From the time . . . [the defendant] first told me that she would refund the tuition to me and from that point on, I did not expect the school to do anything else in regard to providing services or anything else on behalf of Russ Brenner." Although the plaintiff also stated that he never withdrew his son from the school, and that he was trying to get his former wife to send him to the school, the record as quoted above shows sufficient consideration to support the modification in this case. As a result, there is no error in the trial judge's instruction on the consideration issue or his reliance on the Supreme Court's holdings on this issue in its earlier opinion in this same case.

Defendant next attacks the charge by the trial judge on matters other than consideration. A careful reading of the charge as a whole shows that it is not so erroneous as to warrant a new trial. "A charge to a jury must be read and considered in its entirety . . . and not in detached fragments." *Gregory v. Lynch*, 271 N.C. 198, 203, 155 S.E. 2d 488, 492 (1967).

[2] The third attack by defendant alleges that the trial judge's conduct of the trial portrayed the defendant in an unfavorable light in the jury's eyes. He also assaults an instruction that the jury should apply the law as the judge states it, and not as either counsel phrased it. From our examination of the record these arguments appear feckless.

The criterion for judging any improper comments by the trial judge is their effect upon the jury. *Worrell v. Hennis Credit Union*, 12 N.C. App. 275, 182 S.E. 2d 874 (1971). Although some of the trial judge's actions and statements were ill-advised here, there is no evidence that they were outcome determinative so as to constitute error. It should be remembered by defendant that a trial judge can control the course of a trial, including admonishing counsel not to pursue a prohibited line of questioning. *See Greer v. Whittington*, 251 N.C. 630, 111 S.E. 2d 912 (1960).

[3] It was not error for the trial judge to charge the jury that

It is absolutely necessary that you take the law as I give it to you and not as you think it is or you might like it to be. What Mr. Early [plaintiff's counsel] and Mr. Ballinger [defendant's counsel] have told you is the law is not the law.

It is proper for the trial judge to tell the jury to take the law as the court states it. *Spivey v. Newman*, 232 N.C. 281, 59 S.E. 2d 844 (1950). The fact that the charge mentioned both counsel eliminates any prejudice to the defendant.

Finally, defendant attacks the restriction of his cross-examination of plaintiff and his former wife, and the grant of a motion in limine that denied defendant any chance to refer to a lawsuit by the plaintiff against his former wife for tuition that he had paid. But as plaintiff points out, defendant was not harmed because the court allowed him to ask plaintiff's former wife about the suit against her by the plaintiff. Defendant was allowed to read parts of the complaint into the record and to question plain-

tiff's former wife about her answer to the lawsuit. There is no error on this point.

No error.

Judges HEDRICK and HILL concur.